CITY OF SANDUSKY, APPELLEE, v. DEGIDIO, APPELLANT.

(No. E-87-54—Decided
July 29, 1988.)

*Donald C. Icsman,* for appellee.
*D. Jeffrey Rengel,* for appellant.

*Per Curiam.* This is an appeal from the Sandusky Municipal Court. Defendant-appellant, Tony J. DeGidio, was found guilty by a jury of obstructing official business as delineated in Section 136.06 of the Sandusky Code of Ordinances.

Appellant was arrested on April 24, 1987, after he wiped a chalk mark off the rear tire of his truck, which mark had been placed on appellant's vehicle by an officer of the Sandusky Police Department to determine whether vehicles were parked in violation of the two-hour parking ordinance. Prior to his arrest, appellant was warned by the officer what the consequences of his action would be. Appellant, ignoring the warning, wiped the chalk mark off his tire and was arrested by the officer.

The original charge against appellant was dismissed due to a technical error and the amended charge of obstructing official business in violation of Section 136.06 of the Sandusky Code of Ordinances was filed. Appellant was found guilty on August 18, 1987. Appellant now appeals from this judgment and sets forth two assignments of error.

Assignment of Error No. 1 states:

"Whether the trial court erred by failing to instruct the jury that to find the defendant guilty of the offense of obstructing official business, the jury must find:

"a. that there was an underlying illegal act already committed or being presently committed by the defendant himself or some other individual, which act quickened the duty of the policeman to enforce the law.

"and

"b. that defendant's act must have been done with the expressed intent to interfere or impede the enforcement of the law by a police officer."

Appellant contends that had these instructions been given to the jury a verdict of guilty could not have been rendered. The facts as presented indicate appellant's truck was not illegally parked in violation of the two-hour parking ordinance. Therefore, appellant argues that there was no underlying illegal act already committed or being committed by appellant. In support of this proposition appellant cites *Warrensville Hts.* v. *Wason* (1976), 50 Ohio App. 2d 21, 4 O.O. 3d 12, 361 N.E. 2d 546, where the defendant's conviction

of interfering with a police officer in performance of his duties was reversed on appeal. The defendant in *Wason* was arrested after he positioned his car in front of a police vehicle and flashed his headlights at oncoming automobiles to warn them that they were approaching a radar speed trap. In *Wason,* however, the ordinance under which the defendant was charged read in pertinent part as follows: " 'No person shall resist, hinder, obstruct or abuse any official while such official is attempting to arrest offenders under this Traffic Code. * * *' " *Id.* at 21, 4 O.O. 3d at 12-13, 361 N.E. 2d at 547. There was no evidence that any of the drivers warned by Wason were, in fact, speeding and the officer on duty was not attempting to arrest anyone.

The municipal ordinance in the case *sub judice* differs significantly. Pursuant to the Sandusky ordinance, which parallels R.C. 2921.31, a person is guilty of obstructing official business if he "with purpose to prevent, obstruct or delay the performance by a public official of any authorized act within his official capacity, shall do any act which hampers or impedes the public official in the performance of his duties." This ordinance requires that an act be committed with intent to frustrate a public official's performance of an authorized act. The trial judge's instructions to the jury explained and defined these elements. The jury found appellant's act, wiping the chalk mark off his tire, was done with the intent and purpose of frustrating the officer's performance of his assigned duty of enforcing the two-hour parking ordinance. Based on the facts and ordinance at issue in this case, the trial court correctly denied appellant's motion for jury instructions. Appellant's first assignment of error is, therefore, found not well-taken.

Appellant's second assignment of error states:

"Whether the trial court in a criminal action erred in questioning a witness where such questions indicate or suggest that the judge holds an opinion on the evidence or the credibility of a witness, which may be seen by the jury as being favorable to either party to the action."

Specifically, appellant contends that the trial judge committed reversible error by showing prejudicial bias while interrogating appellant. The trial transcript indicates the following exchange took place:

"* * * The Court: Enough of that. There's only one reason to wipe the chalk off your tire and that's so that they won't know you're there more than two hours, isn't it? Isn't that the only reason?

"The Witness: No, there are other reasons.

"The Court: Give me one.

"The Witness: When a police officer says he is going to arrest you if you do it and you think that's the most ridiculous thing you've ever heard of. That's exactly why I did it."

This exchange does not constitute reversible error. It is well-settled that a trial judge has the right to interrogate a witness as long as the questions are relevant and do not suggest bias for one side over another. *State* v. *Kay* (1967), 12 Ohio App. 2d 38, 41 O.O. 2d 91, 230 N.E. 2d 652; *State* v. *Hrynczyn* (App. 1957), 76 Ohio Law Abs. 481, 484, 139 N.E. 2d 466, 469. Furthermore, the Ohio Supreme Court set forth the criteria, in *State* v. *Wade* (1978), 53 Ohio St. 2d 182, 188, 7 O.O. 3d 362, 365, 373 N.E. 2d 1244, 1248, vacated as to the death penalty (1978), 438 U.S. 911, to determine whether a trial judge has committed reversible error on the basis of prejudicial remarks as follows:

"* * * (1) The burden of proof is

placed upon the defendant to demonstrate prejudice, (2) it is presumed that the trial judge is in the best position to decide when a breach is committed and what corrective measures are called for, (3) the remarks are to be considered in light of the circumstances under which they are made, (4) consideration is to be given to their possible effect upon the jury, and (5) to their possible impairment of the effectiveness of counsel. * * *'' See, also, Evid. R. 614(B).

In this case, the defendant has not met his burden of proof demonstrating prejudice. Viewing the contested exchange under the totality of the circumstances, it is clear that the trial judge's comments were made in an attempt to focus appellant's answers on the questions presented. These remarks came during recross-examination, after the jury had heard appellant testify that he wiped the chalk mark off his truck even after he had been warned by the officer that he would be arrested for that action. Appellant also testified that he was aware that chalk marking was the only procedure utilized by the Sandusky Police Department to identify parking violators and that various officers testified that appellant's action would frustrate that purpose. Therefore, any prejudicial effect the trial judge's statements may have had on the jury was very minimal. The trial judge also took corrective measures to prevent any prejudicial effect by instructing the jury to disregard any comments made during the trial which may have indicated his view or opinion of the facts. Therefore, these comments constitute harmless error. Appellant's second assignment of error is found not well-taken.

The decision of the trial court is affirmed. This cause is remanded for execution of sentence. Pursuant to App. R. 24, the costs of this appeal are assessed against appellant.

*Judgment affirmed.*

RESNICK, P.J., and HANDWORK, J., concur.

GLASSER, J., dissents.

GLASSER, J. I respectfully dissent from the decision of the majority in this matter. Although it was acknowledged that the procedure of marking tires of parked vehicles was utilized by the Sandusky Police Department to identify parking violators, I cannot justify upholding a conviction of obstructing official business where the owner removes such a mark from his motor vehicle.

In the instant case it is conceded that appellant was not in violation of any parking ordinance at the time he removed the mark from his tire. The court held in *Warrensville Hts.* v. *Wason* (1976), 50 Ohio App. 2d 21, 25, 4 O.O. 3d 12, 14, 361 N.E. 2d 546, 549, that one of the elements of obstructing official business is the presence of an illegal act which generates the policeman's duty to enforce the law. Such a situation is not present in the case before the court today.

Accordingly, I would find Assignment of Error No. 1 well-taken.

Assignment of Error No. 2 concerns the trial judge's questioning of appellant. It is essential to the factfinding process and the search for justice that a trial judge be permitted, under appropriate circumstances, to question any witness, including a defendant in a criminal trial who chooses to testify. However, in this instance the nature of the judge's questions suggest an opinion on the evidence and the credibility of the witness. The trial judge's view of the evidence and attitude toward the appellant is apparent, constituting prejudicial error. Therefore, I would also find Assignment of Error No. 2 well-taken.

206

Thus, I do not find that substantial justice was done in this case and I would reverse the judgment of the trial court.