The STATE of Ohio, Appellee,

v.

DAVIS, Appellant.

[Cite as *State v. Davis* (1992), 79 Ohio App.3d 450.]

Court of Appeals of Ohio,
Hocking County.

No. 91CA4.

Decided May 6, 1992.

*Jeffrey F. Bender,* Hocking County Assistant Prosecuting Attorney, for appellee.

*Richard M. Wallar,* for appellant.

HARSHA, Judge.

This is an appeal from a judgment of conviction and sentence entered upon a jury verdict by the Hocking County Municipal Court finding Steven L. Davis, defendant-appellant, guilty of operating a motor vehicle while under the influence of alcohol in violation of R.C. 4511.19(A)(1) and driving while under suspension in violation of R.C. 4507.02(D)(2), both misdemeanors of the first degree.

Appellant assigns the following error:

"I. The trial judge erred in his direct and cross-examination of the defendant and in abandoning his role as a fair and impartial magistrate of the trial proceedings."

On August 7, 1990, appellant was charged with violations of R.C. 4511.-19(A)(1) (OMVI) and R.C. 4507.02(D)(2) (driving under suspension). He entered a plea of not guilty to the charges and subsequently filed a notice of "alibi" which stated that he was a passenger in a vehicle driven by his brother, Kenneth Davis, on the date of the alleged offenses. The parties stipulated that appellant's driver's license was under suspension at the time of the alleged offenses.

The matter proceeded to a jury trial where the following pertinent evidence was presented. On August 6, 1990, Hocking County Deputy Sheriff Alex Pavluck and Deputy Sheriff Kevin Kinnear received a report of an intoxicated driver operating a motor vehicle in Hocking County. The report included a license plate number and the approximate location of the vehicle. Deputy Sheriff Pavluck was advised that the vehicle had stopped at a residence. Deputy Sheriff Kinnear stopped his cruiser approximately four hundred feet from the vehicle and observed that no one was in the vehicle. Subsequently, the vehicle left the residence and several cruisers lost track of the vehicle. As Deputy Sheriff Pavluck traveled north on Ilesboro Road towards State Route 93, he observed the vehicle pass him and further observed appellant operating the vehicle. Deputy Sheriff Pavluck activated the lights on his cruiser, observed the vehicle speed up, and turned around to chase the vehicle. As he was turning his cruiser around, Deputy Sheriff Pavluck advised the other law enforcement officers that he had spotted the vehicle and that appellant was driving it.

About one quarter of a mile from the point where Deputy Sheriff Pavluck turned around, the vehicle stopped off to the left side of the road. None of the officers observed the vehicle being parked at that location. Both Deputy Sheriff Pavluck and Deputy Sheriff Kinnear arrived at the scene. They observed appellant in the driver's seat of the car, although the engine was not running and the keys were on the floor. Appellant's brother, Kenny Davis, was in the front passenger seat and appellant's three minor children were in the rear seat.

As appellant exited the vehicle, the officers noticed that appellant had to support himself by holding onto the car, his eyes were glazed and red, and he smelled of beer. When they told appellant that he had been seen operating the vehicle, he became combative and aggressive. At that point, Deputy Sheriff Kinnear spun appellant around and handcuffed him, with appellant

incurring a cut above his eye when his head hit the car trunk. Based upon the officers' experience and observations, they concluded that appellant was intoxicated and arrested him. Appellant repeatedly told the officers that he had not been driving the car and, subsequently, appellant refused to take a breathalyzer test.

Conversely, appellant testified at trial that he and his brother had consumed two or three beers when having dinner at a friend's house with appellant's three children. Appellant further testified that his brother drove the vehicle, which was his brother's car, on the date in question. According to appellant, they stopped on the side of the road because they each had to "relieve themselves." Appellant claimed that his brother saw the officers coming and got back into the car on the front passenger side. Appellant noted that his brother was not drunk and that Deputy Sheriff Kinnear slammed his head up against the car, resulting in a bloody cut and an injury that made him dizzy and light-headed.

At the conclusion of the evidence and closing arguments, the trial court instructed the jury, in part, as follows:

"If during the course of the trial I said or did anything which you consider an indication of my view on the facts, you are instructed to disregard it. The Judge must be, and sincerely desires to be, impartial in presiding over this and every other trial before a jury or without a jury. The Court does not have the right nor does not desire to invade the province of the jury by indicating in any way a preference between the State and the Defendant."

The jury returned a verdict finding appellant guilty of the charged offenses. On February 8 and 20, 1991, the trial court entered judgments upon the jury verdict and sentenced appellant on both offenses.

Appellant's sole assignment of error asserts that the trial judge erred in his examination of appellant and in abandoning his role as a fair and impartial magistrate of the trial proceedings. Appellant cites approximately twenty-five different portions of the transcript which he claims establish reversible error because the trial judge abandoned his fair and impartial role as a magistrate.

The court shall exercise reasonable control over the mode and order of interrogating witnesses and presenting evidence so as to (1) make the interrogation and presentation effective for the ascertainment of the truth, (2) avoid needless consumption of time, and (3) protect witnesses from harassment or undue embarrassment. Evid.R. 611(A); cf. R.C. 2945.03. Essentially, Evid.R. 611 is a "control" rule in which the trial court is given the discretion to control the mode and order of witness interrogation and evidence

presentation to achieve the goals listed therein, including an effective interrogation and presentation in order to ascertain the truth. *State v. Williamson* (May 6, 1991), Clermont App. No. CA90–06–065, unreported, 1991 WL 71977. More specifically, Evid.R. 614(A) and (B) provide that the court may call witnesses or interrogate witnesses, in an impartial manner, whether called by itself or by a party. During a trial, the judge may, in the interest of justice, act impartially in developing facts germane to an issue of fact to be determined by the jury. *Lodi v. McMasters* (1986), 31 Ohio App.3d 275, 31 OBR 603, 511 N.E.2d 123. The court, in questioning a witness pursuant to Evid.R. 614(B), may not indicate by its intensity, tenor, range and persistence the court's opinion of a witness's credibility or the sufficiency of the testimony. See, *e.g.*, *State v. Hicks* (Aug. 16, 1991), Lucas App. No. L–83–074, unreported, 1991 WL 156534, citing *State ex rel. Wise v. Chand* (1970), 21 Ohio St.2d 113, 50 O.O.2d 322, 256 N.E.2d 613, paragraph four of the syllabus.

■■■ Since a trial court's powers pursuant to Evid.R. 611 and 614 are within its discretion, a court reviewing a trial court's interrogation of witnesses and comments must determine whether the trial court abused that discretion. *State v. Burns* (Mar. 16, 1989), Franklin App. No. 88AP–98, unreported, 1989 WL 23666; *Williamson, supra;* cf. Staff Notes to Evid.R. 611(A). The term "abuse of discretion" connotes more than an error of law or of judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. *Wilmington Steel Prod., Inc. v. Cleveland Elec. Illum. Co.* (1991), 60 Ohio St.3d 120, 122, 573 N.E.2d 622, 624.

Initially, it should be emphasized in the case at bar that of the approximately twenty-five instances in the transcript cited by appellant to establish that the trial court did not act impartially, appellant only specifically objected on three occasions. Appellant objected twice to questioning by appellee of the officers, concerning their expertise in arresting intoxicated persons and conviction rate for cases which involved intoxicated persons, on the basis that such questioning constituted impermissible bolstering of the officers' credibility. See, generally, Giannelli, Ohio Evidence Manual (1991) 33, Section 607.08. Appellant also objected to Deputy Sheriff Kinnear's testimony, concerning what an off-duty officer reported, on the basis of hearsay. Appellant does not specifically assign the trial court's rulings on the foregoing three matters as errors on appeal, but only argues that the trial court's allegedly erroneous rulings were indicative of lack of impartiality tantamount to reversible error. However, appellant cites no authority, and we are aware of none, that supports the proposition that a trial court's erroneous rulings on evidentiary matters necessarily indicates bias or lack of impartiality. Although appellant objected to appellee's witnesses' testimony, he failed to object to the trial

court's intervention. *State v. English* (1991), 77 Ohio App.3d 371, 602 N.E.2d 655.

As to the crux of appellant's argument on appeal, which focuses upon the trial court's questioning of witnesses and comments during the jury trial, Evid.R. 614(C) provides as follows:

"Objections to the calling of witnesses by the court or to interrogation by it may be made at the time or at the next available opportunity when the jury is not present."

■ The provision relating to objections is designed to relieve counsel of the embarrassment attendant upon objecting to questions by the judge in the presence of the jury, while at the same time, assuring that objections are made in ample time to afford the opportunity to take possible corrective measures. See Advisory Committee Note to analogous Fed.R.Evid. 614. The failure of a party to object in accordance with Evid.R. 614(C) waives consideration of the claimed error on appeal because the failure to object deprives the trial court of any opportunity to correct the alleged error. *Jenkins v. Clark* (1982), 7 Ohio App.3d 93, 98, 7 OBR 124, 129–130, 454 N.E.2d 541, 548; Giannelli, Ohio Evidence Manual (1991) 83, Section 614.05; for criminal cases applying this rule, see *State v. Shafer* (May 14, 1990), Ashland App. No. CA–950, unreported, 1990 WL 63009; *State v. Hammond* (Dec. 5, 1988), Clinton App. No. CA87–11–026, unreported, 1988 WL 129474; and *State v. Phelps* (Dec. 18, 1986), Cuyahoga App. No. 51520, unreported, 1986 WL 14751.[1] Appellant failed to object to the questions and comments of the trial court at available opportunities outside the presence of the jury pursuant to Evid.R. 614(C). Therefore, appellant has waived consideration of the merits of his appeal. Furthermore, we do not find the trial court's comments and questions to constitute plain error, since plain error does not exist unless, but for the error, the outcome at trial would have been different. *State v. Watson* (1991), 61 Ohio St.3d 1, 6, 572 N.E.2d 97, 103; *State v. Moreland* (1990), 50 Ohio St.3d 58, 62, 552 N.E.2d 894, 899; cf. Evid.R. 103(D). In the case *sub judice*, the testimony of the officers and the stipulation regarding appellant's license suspension without the questions and comments of the trial court provided sufficient evidence to support the jury's ultimate verdict on the charged offenses. Hence, no plain error intervened.

■ Furthermore, assuming, *arguendo*, that the merits of appellant's assignment of error were properly before this court, we are not persuaded that

---

**1.** As appellee notes, in *State v. Wade* (1978), 53 Ohio St.2d 182, 7 O.O.3d 362, 373 N.E.2d 1244, the Ohio Supreme Court did not consider the merits of those allegedly improper trial court comments which had not been specifically objected to at trial.

the trial court's examination of witnesses and comments constituted reversible error. In *State v. Wade* (1978), 53 Ohio St.2d 182, 188, 7 O.O.3d 362, 365, 373 N.E.2d 1244, 1248, the Ohio Supreme Court set forth the following criteria to determine whether a trial court has committed prejudicial error in making improper remarks, *i.e.*, abused its discretion:

"(1) The burden of proof is placed upon the defendant to demonstrate prejudice, (2) it is presumed that the trial judge is in the best position to decide when a breach is committed and what corrective measures are called for, (3) the remarks are to be considered in light of the circumstances under which they are made, (4) consideration is to be given to their possible effect upon the jury, and (5) to their possible impairment of the effectiveness of counsel." See, also, *Sandusky v. DeGidio* (1988), 51 Ohio App.3d 202, 204–205, 555 N.E.2d 680, 681–682.

■ Many of the comments found objectionable by appellant actually arguably helped appellant's position at trial, *i.e.* (1) questioning the officers concerning their memory regarding observations of the residence to which one of them supposedly tracked the car they were following, and (2) asking if the children which the officers had been so concerned about at the beginning of the initial vehicle report were still in the car when they arrested appellant and his brother. Some of the court's actions could be construed as avoiding needless consumption of time, *i.e.*, cutting off appellee's cross-examination of appellant repeatedly about his testimony concerning having to "relieve" himself when his brother stopped the vehicle, advising appellant's counsel that the four hundred foot distance expressed by Deputy Sheriff Kinnear was "well established," and limiting appellant's counsel's repeated interrogation concerning appellant's head cut. In regard to the examination of witnesses, the trial judge is something more than a mere umpire or sergeant at arms to preserve order in the courtroom; he has active duties to perform in maintaining justice and in seeing that the truth is developed and may, for such purpose, put proper questions to the witnesses, and even leading questions. *Stewart v. Stewart* (June 12, 1991), Gallia App. No. 90CA10, unreported, at 11, 1991 WL 110216, citing *Jenkins, supra*. Assuming some minimal prejudice from some of the trial court's comments and questions in the instant case, we are persuaded that its corrective instruction admonishing the jury to disregard any of its comments which could be considered an indication of its personal view of the evidence, sufficiently cured any error. See, *e.g.*, *DeGidio, supra*, 51 Ohio App.3d at 205, 555 N.E.2d at 682; *Jenkins, supra*, 7 Ohio App.3d at 98, 7 OBR at 129–130, 454 N.E.2d at 548; *Hammond, supra*.

Accordingly, based upon the foregoing reasons, appellant's assignment of error is overruled, and the judgment of the trial court is affirmed.

*Judgment affirmed.*

STEPHENSON, P.J., concurs.

GREY, J., concurs in judgment.

GREY, Judge, concurring.

I concur in the judgment. Although I believe the conduct of the trial judge was intrusive and overbearing, it was not egregious enough to require reversal.

I concur separately because I believe we have a duty to assert the principle that each of the actors in the courtroom drama has a distinct part to play. It is the lawyer's role to present the case for his side as he sees fit. This court often decides cases based on the principles that a lawyer is presumed competent, and that his introduction or non-introduction of evidence, or his failure to object, are a matter of trial tactics. If we subscribe to the principle that a lawyer may choose best how to defend his client, then we must also insist that the trial courts allow trial counsel to try their cases and not to interfere. We can't have it both ways.

I object particularly to the language in the majority opinion indicating that this claim of error was not properly preserved in the record. The purpose of an objection is to preserve the claim of error so that a reviewing court may recognize what has transpired at the trial level. We are creating an impossible standard in this case.

There is no indication of personal hostility here, but we are requiring trial counsel who faces a hostile judge to continually object and object in the face of that hostility. It is bad enough to have to face such a judge. It is even worse to rule that when confronted with such inappropriate behavior from the judge, trial counsel may not make his objection, defer to inherent authority of the court and seek redress on appeal.

If counsel acts professionally with due respect for the trial court, if he bites his tongue and holds his anger, the majority would deny him his right to appeal. I cannot agree with that standard.

In this case, I do not agree with trial counsel's contention that the trial judge's actions constituted reversible error. I do believe, however, that counsel preserved that claim of error for this court.

Thus, I concur with the judgment of affirmance.