OPINION
Appellant Ronald E. Moton, Sr. appeals the decision of the Mansfield Municipal Court finding him guilty of failing to yield the right of way at a stop sign, in violation of Mansfield Codified Ordinance 331.19. On October 18, 1998, Terry Stamper was driving home in his 1986 Jeep, accompanied by his wife, Heather Stamper. At approximately 2 p.m., while proceeding westbound on Orange Street, he approached the intersection of Orange and Second Avenue. According to his testimony, a 1996 Lincoln driven by appellant pulled into the intersection after stopping at the stop sign controlling southbound traffic on Second Avenue. Mr. Stamper, who had no stop sign in his lane of travel, was unable to swerve away from a collision because of an oncoming vehicle. The front passenger side of Stamper's Jeep struck the front of appellant's car. Stamper contacted the Mansfield Police Department after he reached his home. Officer Brubaker responded to the call and returned with Stamper to the accident scene. Officer Brubaker studied the damage to both vehicles and observed the accident debris in the intersection. Upon the completion of his investigation, he cited appellant for failure to yield the right-of-way from a stop sign. On December 3, 1998, the Mansfield Municipal Court conducted a bench trial, with appellant proceeding pro se. In a judgment entry dated December 15, 1998, the court found appellant guilty and ordered him to pay a $50 fine and $100 court costs. Appellant timely appealed and herein raises the following thirteen Assignments of Error.
 I. THE COURT DID NOT RECOGNIZE THE APPELLANT AS A PRO-SE (SIC) WITH THE RIGHTS OF AN ATTORNEY AND ALSO VIOLATED THE APPELLANTS (SIC) CONSTITUTIONAL AND CIVIL RIGHTS UNDER THE CONSTITUTION OF THE UNITED STATES OF AMERICA.
 II. THE APPELLANT ASKED THE COURT COULD (SIC) HE APPROACH THE WITNESS TO GO OVER DOCUMENTS BECAUSE THE WITNESS HAD THE ONLY COPY AND THE JUDGE DENIED THAT RIGHT UNDER THE CONSTITUTION OF THE UNITED STATES OF AMERICA.
 III. THE APPELLEE'S WITNESSES, TERRY AND HEATHER STAMPER, TESTIFIED THAT THEY DID NOT SEE THE APPELLANT RUN THE STOP SIGN.
 IV. THE APPELLEE'S WITNESS, HEATHER STAMPER, ALSO TESTIFIED THAT AT THE TIME OF THE ACCIDENT, SHE WAS ARGUING WITH HER HUSBAND AND SHE DID NOT SEE THE APPELLANT HIT THE CAR AND TESTIFIED THAT THE APPELLANT DID NOT RUN THE STOP SIGN.
 V. THE APPELLEE'S WITNESS, OFFICER BRUBAKER, TESTIFIED THAT HE DID NOT SEE THE ACCIDENT AND WAS NOT PRESENT ON THE SCENE AT THE TIME OF THE ACCIDENT. HE ALSO TESTIFIED THAT HE DID NOT SEE THE APPELLANT RUN INTO THE STAMPER'S JEEP.
 VI. IN THE COURT'S OPENING STATEMENT, THE HONORABLE DONALD E. HOOVER STATED THAT HE WAS NOT GOING TO TRY MY CASE. I WOULD HAVE TO DO IT MYSELF. THIS CAN BE FOUND ON PAGE 3, LINES 12 AND 13.
 VII. THOUGH THE COURT HAS STATED IT WAS NOT GOING TO TRY THE APPELLANT'S CASE THROUGHOUT THE TRANSCRIPTS, YOU WILL FIND NOTHING BUT INTERRUPTIONS BY THE COURT ASKING QUESTIONS FOR EVIDENCE. I THINK THE COURT WEARS ONE HAD (SIC) IN THE COURTROOM AND IT IS UNFAIR FOR IT TO TRY TO BE THE JUDGE, PROSECUTOR, OR DEFENDANT. I DO NOT HAVE ANY CASE LAW, BUT FROM MY EXPERIENCE IN THE COURTROOM THE JUDGE IS ONLY SUPPOSED TO ASK QUESTIONS WHEN HE DOES NOT UNDERSTAND THE ANSWER THAT WAS GIVEN BY THE WITNESS AND THAT THEREFORE IS ANY CROSS EXAMINATION (SIC) FOR EVIDENCE THAT THE PROSECUTOR AND DEFENDANT DID NOT PRESENT.
 VIII. THE APPELLANT TESTIFIED THAT HE DID NOT HIT THE CAR IN QUESTION AND THAT THE STAMPERS WERE LEFT OF CENTER BY SWINGING THEIR CAR TOO WIDE INTO THE RIGHT HAND LANE WHERE THE APPELLANT'S CAR WAS AND HIT THE CAR ABOUT EIGHTEEN INCHES FROM THE CENTER OF THE APPELLANT'S CAR. IF I HAD NOT YIELDED THE RIGHT OF WAY OF A STOP SIGN, THERE WOULD BE DAMAGE ON THE DRIVER'S SIDE OF THE APPELLANT'S VEHICLE, BUT INSTEAD IT WAS ON THE RIGHT SIDE.
 IX. THE PROSECUTOR DID NOT PROVE HIS CASE BEYOND A REASONABLE DOUBT.
 X. THE WITNESSES FOR THE APPELLEE COULD NOT EVEN IDENTIFY THE APPELLANT IN HE (SIC) COURTROOM ON WHAT COLOR OF CLOTHING HE WAS WEARING FROM ABOUT A 15-20 FOOT DISTANCE.
 XI. THE APPELLEE COULD NOT ESTABLISH IF THE STAMPERS HAD PERSONAL INSURANCE ON THEIR VEHICLE.
 XII. ALL THE APPELLEE'S WITNESSES TESTIFIED THAT IT RAINED ALL DAY LONG BUT IT RAINED SHORTLY AFTER THE ACCIDENT AND THE (SIC) PATROLMAN BRUBAKER, AFTER IT HAD RAINED FOR THREE HOURS, SAID HE COULD SEE THE DIRT AND TRASH FROM THE ACCIDENT, BUT COULD NOT IDENTIFY WHICH VEHICLE IT CAME FROM.
 XIII. THE COURT RECOGNIZED THE PROSECUTOR BY INTERRUPTING THE COURT'S PROCEDURES WITH NO OBJECTION AND SOMETIMES SUSTAINED THE OBJECTION.
 I.
In his First Assignment of Error, appellant argues that the trial court did not recognize his status as a pro se defendant and violated his constitutional rights by denying his request to make an opening statement. We disagree. Opening statements are not considered testimonial evidence. State v. Davis (1991),62 Ohio St.3d 326, 327. Additionally, a trial court has discretion to deviate from the order of proceedings of a trial. R.C.2945.10. Appellant has provided no authority to support the guarantee of a right to an opening statement under the Ohio or U.S. Constitution. In contrast, at least two cases hold that there is no such federal constitutional guarantee, and that the allowance of an opening statement in a federal criminal trial is left to the discretion of the trial court. See, United States v. Salovitz (C.A.2, 1983), 701 F.2d 17, 21; United States v. Zielie (C.A. 11, 1984), 734 F.2d 1447, 1455. We therefore find no merit in appellant's position. Appellant's First Assignment of Error is overruled.
 II.
In his Second Assignment of Error, appellant contends that the trial court erred by instructing him to question witnesses from his seat at the defense table. We disagree. R.C. 2945.03 mandates that the trial judge is to control all proceedings during a criminal trial. The court has the duty to see that the trial is conducted orderly. State v. Wells (1938), 134 Ohio St. 404, 411. The trial judge stated the following upon the commencement of appellant's cross-examination of the City's first witness, Terry Stamper:
 THE COURT: Mr. Moton, you may question the witness if you wish. You can just stay there. You don't need to stand. If it's easier for you just stay right there, sir.
(Tr. at 9).
The court also halted appellant from approaching Mr. Stamper on the witness stand until appellant marked the exhibit upon which he based several of his questions. (Tr. at 11-12). Mr. Stamper then received the exhibit for review. We find these two instances cited by appellant to be well within the trial court's discretion in controlling the conduct of the proceedings. Appellant's Second Assignment of Error is overruled.
 III, IV, V, VIII, IX, X, XII
We address appellant's Third, Fourth, Fifth, Eighth, Ninth, Tenth, and Twelfth Assignments of Error together. In each, appellant alleges that there were various evidentiary contradictions, which we herein interpret as appellant's challenge to the sufficiency of the evidence. In considering the sufficiency of the evidence, our standard is as follows:
 * * * [T]he inquiry is, after viewing the evidence in the light most favorable to the prosecution, whether any reasonable trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.
State v. Jenks (1991), 61 Ohio St.3d 259, 273.
The latter sentence of the ordinance cited, M.C.O. 331.19, reads as follows:
 After having stopped [at the stop sign], the driver shall yield the right of way to any vehicle in the intersection or approaching on another roadway so closely as to constitute an immediate hazard during the time the driver is moving across or within the intersection or junction of roadways.
Among appellant's asserted evidentiary discrepancies, he argues that the Stampers did not see appellant "run" the stop sign, and that Officer Brubaker testified that he did not observe the actual collision. However, as none of these elements are necessary to prove in order for the City to obtain a conviction, we find no merit in these arguments. Appellant further argues that testimony conflicted regarding the amount of rain on the day of the accident, and that the existence of rainfall would have called into question Officer Brubaker's investigation of the accident debris. He also contends that the damage to the vehicles does not correspond to a finding that he failed to yield the right of way. In rendering its theory of the traffic violation, the City presented the eyewitness testimony of the Stampers and the independent witness, Pamela Dean, combined with Officer Brubaker's review of the accident scene. The trier of fact is in a far better position than this Court to weigh the credibility of these witnesses. State v. DeHass (1967), 10 Ohio St.2d 230. We therefore will not substitute our judgment for that of the trial judge. Our review of the evidence in light of the foregoing persuades us that a reasonable trier of fact could have found that appellant failed to yield to the Stamper's vehicle so as to have created an immediate hazard under the ordinance. Appellant's Third, Fourth, Fifth, Eighth, Ninth, Tenth, and Twelfth Assignments of Error are overruled.
 VI.
In his Sixth Assignment of Error, appellant alleges that the trial judge's admonitions at the beginning of the trial were improper. Our review of the transcript reveals no such improprieties. The trial judge was clearly attempting to reiterate to appellant that he was subject to the same rules of courtroom procedure that he would have been had he appeared with an attorney. If anything, such admonitions served to ensure that appellant obtained a fair trial. Appellant's Sixth Assignment of Error is overruled.
 VII.
In his Seventh Assignment of Error, appellant claims that the trial court violated his constitutional rights by asking its own questions at various points in the proceedings. We disagree. During a trial, "[t]he court may interrogate witnesses, in an impartial manner, whether called by itself or by a party." Evid.R. 614(B). "A court reviewing a trial court's interrogation of witnesses and comments will reverse only if the trial court abused its discretion." State v. Wasmer (Mar. 16, 1994), Jackson App. No. 714, unreported, at 8. See also, State v. Davis (1992),79 Ohio App.3d 450, 455. A review of the transcript demonstrates no abuse of discretion or lack of impartiality by the trial court. The court's follow-up inquiries regarding damage to the vehicles were clearly made "* * * with a view to expeditious and effective ascertainment of the truth regarding the matters in issue." R.C. 2945.03. Appellant's Seventh Assignment of Error is overruled.
 XI.
In his Eleventh Assignment of Error, appellant contends that the State failed to prove that the Stampers had personal insurance on their vehicle. The State was not required to prove that the Stampers' vehicle carried insurance in order to obtain a conviction under M.C.O. 331.19. The issue of financial responsibility, while certainly of utmost importance under Ohio law, was simply not an element of this particular traffic charge. Appellant's Eleventh Assignment of Error is overruled. XIII. In his Thirteen Assignment of Error, appellant indicates that the trial court "gave the prosecutor more latitude in this case" than it afforded him, and thereby violated his constitutional rights. (Appellant's brief at 7.) The Code of Judicial Conduct requires that a judge "* * * should conduct himself at all times in a manner that promotes public confidence in the integrity and impartiality of the judiciary." (Canon 2(A) of the Code of Judicial Conduct). The sole example cited by appellant occurs at a juncture in the trial where the State objected to a line of questioning on the basis of relevancy. Tr. at 58. However, the trial judge at that point effectively ruled on the objection in favor of the appellant. Id. The record reveals no instances of partiality by the judge at this or any other stage of the proceedings. Appellant's assertions are completely void of merit. Appellant's Thirteenth Assignment of Error is overruled.
For the reasons stated in the foregoing, the judgment of the Mansfield Municipal Court, Richland County, Ohio, is hereby affirmed.
By: Wise, P.J. Gwin, J., and Edwards, J., concur.