DECISION AND JUDGMENT ENTRY
This is an appeal from a judgment of the Lucas County Court of Common Pleas which, following a sexual offender classification hearing, determined appellant, Michael G. Henes, to be a sexual predator. Also before this court is the state's motion to strike documents attached to appellant's pro se rebuttal brief. For the reasons stated herein, this court affirms the judgment of the trial court and grants the state's motion to strike.
Appellant sets forth the following six assignments of error:
"ASSIGNMENT OF ERROR ONE
 THE LUCAS COUNTY COURT OF COMMON PLEAS AND THE PROSECUTOR VIOLATED R.C. § 2950, CRIMINAL, CIVIL, AND EVIDENTIAL RULES OF PROCEDURES DENYING THE APPELLANT HIS COMPULSORY PROCESS OF DISCOVERY UNDER THE OHIO CONSTITUTION AND THE U.S. CONSTITUTION, CREATING A MANIFEST INJUSTICE OF LAW.
"ASSIGNMENT OF ERROR TWO
 THE USE OF THE CDTC'S REPORT VIOLATED APPELLANT'S DUE PROCESS AND EQUAL PROTECTION RIGHTS.
"ASSIGNMENT OF ERROR THREE
 THE RULING THAT THE APPELLANT IS A SEXUAL PREDATOR UNDER R.C. § 2950 IS AGAINST MANIFEST WEIGHT OF EVIDENCE VIOLATING APPELLANT'S EQUAL PROTECTION UNDER THE LAW.
"ASSIGNMENT OF ERROR FOUR
 THE LOWER COURT DID VIOLATE THE REVISED CODES OF OHIO, DUE PROCESS, AND THE EQUAL PROTECTION OF RIGHTS UNDER THE LAW WHEN IT BROKE THE PLEA-BARGAIN CONTRACT BETWEEN THE APPELLANT AND THE STATE OF OHIO.
"ASSIGNMENT OF ERROR FIVE
 THE LOWER COURT DID NOT HAVE SUBJECT MATTER JURISDICTION IN ADJUDICATING APPELLANT A SEXUAL PREDATOR VIOLATING HIS EQUAL PROTECTION AND DUE PROCESS RIGHTS UNDER THE LAW.
"ASSIGNMENT OF ERROR SIX
 R.C. § 2950(B) IS UNCONSTITUTIONALLY VAGUE AND DENIES THE APPELLANT'S RIGHTS UNDER DUE PROCESS OF LAW AND IS A VIOLATION OF THE EX POST FACTO LAW. R.C. § 2950.09(C) DENIES APPELLANT EQUAL PROTECTION OF RIGHTS UNDER THE LAW AND IS CONTRARY TO THE DOUBLE JEOPARDY CLAUSE OF THE U.S. AND OHIO CONSTITUTION [SIC]."
The following facts are relevant to this appeal. Appellant was indicted on December 31, 1986 for one count of rape, in violation of R.C. 2907.02, and one count of endangering children, in violation of R.C. 2919.22. It was alleged that appellant had engaged in sexual contact with his stepdaughter when she was between the ages of nine and thirteen. On June 5, 1987, the words "by force" were deleted from the first count of the indictment and appellant entered a plea of guilty to rape, in violation of R.C. 2907.02, an aggravated felony of the first degree. On July 27, 1987, appellant was sentenced to serve nine to twenty-five years on the rape charge. The court entered a nolle prosequi on the endangering children offense in Count 2.
On September 23, 1996, appellant filed his petition to vacate or set aside sentence, seeking to use the provisions of Senate Bill 2 to modify his sentence. On February 11, 1998, the trial court denied appellant's petition for postconviction relief. On July 17, 1998, this court affirmed the trial court's judgment.
On March 8, 2001, a sexual offender classification hearing was held. The state presented the testimony of Lucia Hinojosi, Ph.D., a forensic clinical psychologist. Appellant submitted a report entitled "Five-Year Recidivism Follow-Up Of 1989 Sex Offender Releases." Immediately following the hearing, the trial court announced its determination. The trial court stated, that having considered all the evidence and the factors set forth in R.C. 2950.09(B)(2), it found appellant to be a sexual predator by clear and convincing evidence. The trial court's decision was journalized on March 14, 2001. A notice of appeal was timely filed.
In its motion to strike documents attached to appellant's pro se
rebuttal brief, the state seeks to have stricken three letters appellant has attached to his rebuttal brief which are not part of the record on appeal. The three letters are communication to appellant from his counsel during the sexual offender classification proceedings.
In his rebuttal brief, appellant urges this court to consider three letters, not before the trial court and filed for the first time in this court, in support of his first assignment of error. It is well established that "[a] reviewing court cannot add matter to the record before it, which was not a part of the trial court's proceedings, and then decide the appeal on the basis of the new matter." State v.Ishmail (1978), 54 Ohio St.2d 402, paragraph one of the syllabus. Because the three letters were not before the trial court, this court grants the state's motion and strikes the three letters and any reference to these letters from appellant's brief.
In his first assignment of error, appellant argues that the trial court violated his due process rights in denying him access to certain documents. In particular, appellant asserts error in the trial court's denial of appellant's request for an order for background information on a case manager, a unit manager, the warden and the Director of the Ohio Department of Rehabilitation and Corrections ("DRC") as well as the trial court's denial of appellant's request for the results of previously administered psychological tests and reports and a discharge report from the Polaris Sex Offender Treatment Program ("Polaris"). This court finds no merit in this assignment of error.
The grant or denial of discovery motions rests within the sound discretion of trial court, and a reviewing court will not reverse the trial court's decision absent an abuse of that discretion. State v.Shoop (1993), 87 Ohio App.3d 462, 469. An abuse of discretion involves more than an error of judgment; it connotes an attitude on the part of the court that is unreasonable, unconscionable, or arbitrary. State v.Davis (1992), 79 Ohio App.3d 450, 454. When applying the abuse of discretion standard, a reviewing court may not substitute its judgment for that of the trial court. Berk v. Matthews (1990), 53 Ohio St.3d 161,169.
To determine whether the trial court abused its discretion by denying appellant's motions, this court must consider whether the requested information was in fact material to appellant's classification as a sexual predator. Clearly none of the background information on various DRC employees was material to appellant's classification as a sexual predator. Additionally, the results and reports of psychological tests administered many years before were not material to appellant's current classification as a sexual predator. Although his completion of the Polaris program was relevant to classification as a sexual predator, the state did not dispute that appellant had completed the program.
Accordingly, appellant's first assignment of error is found not well-taken.
In his second assignment of error, appellant argues that the use of the report of Dr. Hinojosi violated his due process and equal protection rights. Dr. Hinojosi interviewed appellant and examined appellant's criminal record. Appellant argues that prior psychological reports were improperly relied on in preparation of Dr. Hinojosi's report and that the report should not have been admitted into evidence. This court finds no merit in this assignment of error.
Upon review of Dr. Hinojosi's report and her testimony at the hearing, this court can find no error in the admission or use of the report and no violation of his due process and equal protection rights.
Accordingly, appellant's second assignment of error is found not well-taken.
In his third assignment of error, appellant argues that there was no clear and convincing evidence for the trial court's finding that he is a sexual predator. This court finds no merit in this assignment of error.
Pursuant to R.C. 2950.09(C)(2)(b), a determination that an offender is a sexual predator must be supported by clear and convincing evidence. Clear and convincing evidence is:
 "[t]hat measure or degree of proof which will produce in the mind of the trier of facts a firm belief or conviction as to the allegations sought to be established. It is intermediate, being more than a mere preponderance, but not to the extent of such certainty as is required beyond a reasonable doubt as in criminal cases. It does not mean clear and unequivocal. (Citation omitted.)
 "Where the degree of proof required to sustain an issue must be clear and convincing, a reviewing court will examine the record to determine whether the trier of facts had sufficient evidence before it to satisfy the requisite degree of proof. (Citation omitted.)" Cross v. Ledford (1954), 161 Ohio St. 469, 477.
While clear and convincing evidence is "more than a mere preponderance" of the evidence, it is less than evidence "beyond a reasonable doubt."State v. Danby (1983), 11 Ohio App.3d 38, 41. "`Where the proof required must be clear and convincing, a reviewing court will examine the record to determine whether the trier-of-facts had sufficient evidence before it to satisfy the requisite degree of proof.'" In re Mental Illness ofThomas (1996), 108 Ohio App.3d 697, 700, quoting State v. Schiebel
(1990), 55 Ohio St.3d 71, 74.
A judge may find that an individual is a sexual predator[1] only if clear and convincing evidence shows that the individual has been convicted of a sexually oriented offense and is likely to reoffend. R.C. 2950.01(E), 2950.09(B)(3); State v. Ward (1999), 130 Ohio App.3d 551,559. When making a determination as to whether a defendant is a sexual predator, the trial court shall consider all relevant factors, including, but not limited to, all of the following:
"(a) The offender's age;
 "(b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
 "(c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;
 "(d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;
 "(e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offenses or to prevent the victim from resisting;
 "(f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense, and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
 "(g) Any mental illness or mental disability of the offender;
 "(h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 "(i) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
 "(j) Any additional behavioral characteristics that contribute to the offender's conduct." R.C. 2950.09(B)(2).
The statute does not require the trial court to list the criteria specifically, but rather it is only required to consider all relevant factors. Id. at 560.
The trial court is not required to find that the evidence presented supports a majority of the factors listed in R.C. 2950.09(B)(2). Statev. Fugate (Feb. 2, 1998), Butler App. No. CA97-03-065, unreported. In fact, the trial court may rely upon one factor more than another, depending upon the circumstances of the case. State v. Bradley (June 19, 1998), Montgomery App. Nos. 16662 and 16664, unreported. A trial court may find an offender to be a sexual predator "even if only one or two statutory factors are present, so long as the totality of the relevant circumstances provides clear and convincing evidence that the offender is likely to commit a future sexually-oriented offense." Statev. Clutter (Jan. 28, 2000), Washington App. No. 99CA19, unreported. A single conviction may support a finding that a defendant is a sexual predator in certain cases. State v. Higgins (May 22, 2000), Clermont App. No. CA99-07-068, unreported.
In the case sub judice, pertinent to this issue is the testimony of Dr. Hinojosi who interviewed appellant. Dr. Hinojosi placed appellant in a classification of sex offenders for which the probability of recidivism is fifty percent within the next fifteen years. See R.C. 2950.02(B)(2)(j). That evidence is sufficient to produce a firm conviction that appellant is likely to re-offend, and is therefore clear and convincing evidence which supports the determination that the court made. Cross v. Ledford,supra.
The report prepared by Dr. Hinojosi sets forth extensive background information regarding appellant's mental health, legal, medical, and sexual histories, relevant social and relationship histories and substance abuse. In her report, Dr. Hinojosi noted several factors that indicated appellant would commit another sexual offense in the future. Appellant has a history of alcohol and drug abuse. See R.C.2950.09(B)(2)(g). In particular, Dr. Hinojosi noted that appellant began using drugs at seventeen and continued to use drugs even while incarcerated until involvement in the Polaris program. Dr. Hinojosi also noted that appellant began drinking at seventeen and continued to drink until incarcerated.
With regard to his relationship and sexual histories, the report indicated an early onset of sexually deviant behaviors. Appellant began voyeuristic activity at about age sixteen. He began to expose himself to others by his early twenties. Appellant began to have sexual contact with men at the age of seventeen. He videotaped sexual contact of his wife with other men and showed these videotapes to his stepdaughter.
Regarding his health history, the report notes that appellant has completed the Polaris program. The report further indicated that appellant has a relapse prevention plan for his sexual offending. As to appellant's likelihood of committing another sexually oriented offense, Dr. Hinojosi assesses appellant as a "strong" likelihood to reoffend.
In the instant case, the evidence before the trial court at defendant's hearing corresponds with several of the factors set forth in R.C.2950.09(B)(2). In particular, defendant's prior criminal history is a relevant factor in assessing his danger of recidivism. State v. Scott
(Sept. 29, 2000), Franklin App. No. 00AP-260, unreported; State v.Henson (Mar. 14, 2000), Franklin App. No. 99AP-553, unreported.
Appellant points to his completion of the Polaris program as evidence that he is unlikely to commit future sexually oriented crimes. While participation in a sex offender treatment program is a factor to be considered, the completion of a sex offender program does not require overturning the trial court's finding as a matter of law. State v.Sturgill (May 4, 1999), Franklin App. No. 98AP-979, unreported.
Appellant engaged in sexual activity with his stepdaughter over an extended period of time. Such repeated sexual abuse establishes a demonstrated pattern of abuse and invokes a factor in support of the sexual predator finding. R.C. 2950.09 (B)(2)(h). The commission of multiple sex offenses over a period of time can show that a defendant has a compulsion and will likely have a similar compulsion in the future to commit these kinds of sexual offenses. State v. Bartis (Dec. 9, 1997), Franklin App. No. 97APA05-600, unreported.
Additionally, the fact that appellant engaged in sexual activity with his stepdaughter is another factor in support of the sexual predator finding. State v. King (Mar. 7, 2000), Franklin App. No. 99AP-597, unreported. Appellant was placed in a position of trust with his stepdaughter and violated that trust by committing the sex offenses.Id. This court further notes that appellant engaged in sexual activity with his stepdaughter while he was in his thirties and she was between nine and thirteen. State v. Daniels (Feb. 24, 1998), Franklin App. No. 97APA06-830, unreported; see, also, R.C. 2950.09(B)(2)(a) and (c). Evidence concerning an adult engaging in sexual activity with a young child is a factor to be considered in support of a sexual predator finding. R.C. 2950.09(B)(2)(a) and (c). As noted by the appellate court in State v. Maynard (1999), 132 Ohio App.3d 820, 826, appeal not allowed (1999), 86 Ohio St.3d 1437:
 "[T]he overwhelming statistical evidence support[s] the high potential of recidivism among sex offenders whose crimes involve the exploitation of young children. The age of the victim is probative because it serves as a telling indicator of the depths of [the] offender's inability to refrain from such illegal conduct. The sexual molestation of young children, aside from its categorization as criminal conduct in every civilized society with a cognizable criminal code, is widely viewed as one of the most, if not the most, reprehensible crimes in our society. Any offender disregarding this universal legal and moral reprobation demonstrates such a lack of restraint that the risk of recidivism must be viewed as considerable. (Citation omitted.)"
Accordingly, courts have explained that multiple offenses involving young victims can, in and of themselves, be sufficient to support a sexual predator adjudication. See State v. Linton (Sep. 29, 1999), Summit App. No. 19170, unreported; State v. Hamilton (Apr. 14, 1999), Lorain App. No. 97CA006793, unreported. Moreover, in showing his stepdaughter videotapes of his wife's sexual contact with other men, appellant demonstrated his proclivity to force other people to participate in his sexual gratification. This court concludes that such conduct also supports a finding that appellant is a sexual predator. See R.C.2950.09(B)(2)(j), indicating that a sexual predator determination may be based on any "additional behavioral characteristics that contribute to the offender's conduct."
After having reviewed the record, this court finds sufficient evidence was presented to establish that appellant is a sexual predator. The age of the victim at the time of the offenses, the fact that appellant abused the victim on more than one occasion, combined with appellant's family relationship with the victim, weigh heavily in favor of finding appellant to be a sexual predator.
Accordingly, appellant's third assignment of error is found not well-taken.
In his fourth assignment of error, appellant argues that the trial court violated the terms of appellant's plea agreement with the state when the trial court classified him as a sexual predator. This court finds no merit in this assignment of error.
Appellant maintains that his adjudication as a sexual predator impairs his plea bargain agreement with the state. However, other appellate courts that have addressed this issue have relied upon the rationale inState ex rel. Matz v. Brown (1988), 37 Ohio St.3d 279, to support their holding that a defendant's plea agreement entered into before the sexual predator provisions went into effect is not violated by the sexual predator provisions. See, State v. Ward, 130 Ohio App.3d at 575; Statev. Lambert (May 25, 1999), Franklin App. No. 98AP-941, unreported. InBrown, supra, the Ohio Supreme Court stated that "felons have no reasonable right to expect that their conduct will never thereafter be made the subject of legislation." Id. at 282.
Appellant's argument that the sexual predator classification is in the nature of a breach of the plea bargain agreement lacks merit. Because the registration and notification requirements of R.C. Chapter 2950 are merely remedial conditions imposed upon offenders after their release from prison and not punishment, they do not affect any plea agreement previously entered into between the offender and the state. State v.Iden (Feb. 16, 1999), Stark App. No. 1997CA00365, unreported. Thus, appellant's classification falls outside the scope of the negotiated plea agreement which was entered into by both parties. Consequently, this court finds that appellant's classification pursuant to the new sexual predator law does not constitute an impairment of his rights accruing by the plea agreement.
Accordingly, appellant's fourth assignment of error is found not well-taken.
In his fifth assignment of error, appellant contends that the trial court lacked subject matter jurisdiction because the recommendation process used to obtain a classification hearing differed from statutory and/or administrative requirements. This court finds no merit in this assignment of error.
In State v. Clark (Mar. 29, 1999), Clermont App. No. CA98-11-103, unreported, the appellate court considered this issue and held that the trial court correctly determined that it had jurisdiction to adjudicate appellant as a sexual predator even though the recommendation process differed from statutory and/or administrative requirements. In Clark, no department of corrections' recommendation had been made. This court finds the detailed reasoning set forth in that opinion persuasive and, on the authority of that opinion, finds no merit in appellant's contention.
Accordingly, appellant's fifth assignment of error is found not well-taken.
In his sixth assignment of error, appellant argues that R.C. 2950(B) is unconstitutionally vague, denies appellant's rights under due process of law and is violative of ex post facto constitutional prohibitions. Appellant also argues that R.C. 2950.09 denies him equal protection rights and is contrary to the double jeopardy clause of the federal and Ohio constitutions. This court finds no merit in this assignment of error.
Appellant's claims regarding the constitutionality of Ohio's sexual predator statute have been considered and rejected in previous decisions by the Ohio Supreme Court in State v. Cook (1998), 83 Ohio St.3d 404 andState v. Williams (2000), 88 Ohio St.3d 513.
Accordingly, appellant's sixth assignment of error is found not well-taken.
Having found all six of appellant's assignments of error to be without merit, this court affirms the judgment of the
Lucas County Court of Common Pleas classifying appellant as a sexual predator. It is ordered that appellant pay court costs for this appeal.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Melvin L. Resnick, J., Richard W. Knepper, J. JUDGES CONCUR.
[1] A sexual predator is statutorily defined as a person who has been convicted of or pled guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses.