DECISION AND JUDGMENT ENTRY
This is an appeal from a Vinton County Court judgment of conviction and sentence. The trial court found Charles C. Allman, defendant below and appellant herein, guilty of (1) driving under suspension in violation of R.C.4507.02(D); (2) failure to control a motor vehicle in violation of R.C. 4511.202; and (3) attempted obstruction of official business in violation of R.C. 2921.31 and 2923.02.
Appellant assigns the following errors for review:
FIRST ASSIGNMENT OF ERROR:
 "THE TRIAL COURT ERRED IN FINDING THE DEFENDANT GUILTY OF DRIVING UNDER SUSPENSION AND FAILURE TO CONTROL WITHOUT SUFFICIENT EVIDENCE AS TO OPERATION OF A MOTOR VEHICLE."
SECOND ASSIGNMENT OF ERROR:
 "TRIAL COURT ERRED IN FINDING THE DEFENDANT GUILTY OF ATTEMPTED OBSTRUCTING OFFICIAL BUSINESS BASED ON AN ATTEMPT TO REMOVE LICENSE PLATES BELONGING TO ANOTHER FROM A VEHICLE."
On February 19, 2001, at approximately 8:30 p.m., Mr. Robert A. Thrush, a retired police officer, observed an overturned white pickup truck resting in a creek near U.S. Rt. 50. Thrush also observed a man, later identified as the appellant, standing in chest-deep creek water near the truck. Apparently, steam was rising from the overturned truck as Thrush helped to pull appellant from the creek.
Appellant told Thrush that (1) appellant was "alright"; (2) no one else was in the vehicle; and (3) he needed a tire iron to remove the truck's license plates. Surmising that questionable activity was afoot, Thrush refused to lend a tire iron to appellant or to provide appellant with transportation. Thrush also observed that appellant had a strong odor of alcohol, had bloodshot and dilated eyes, and that he staggered as he walked. Appellant was also bleeding. Appellant then reentered the creek, apparently to attempt to remove the license plates. Thrush then drove to the Vinton County Sheriff's Department to report the accident.
Later that evening, Trooper M.D. Akers arrived at the scene. Trooper Akers found skid marks on the roadway leading to the vehicle, still positioned in the creek. The truck's license plates remained affixed to the truck. Appellant had apparently left the scene. Subsequently, Trooper Akers contacted Travis Cain, the owner of the license plates.
After he completed his investigation, Trooper Akers charged appellant with (1) failing to control a motor vehicle (R.C. 4511.202); (2) driving under the influence of alcohol (R.C. 4511.19(A)(1)); (3) driving under suspension (R.C. 4507.02(D)); (4) leaving the scene of an accident (R.C.4549.03)); (5) fictitious registration (R.C. 4549.08)); and (6) obstructing official business (R.C. 2921.31)).
On August 14, 2001, the trial court conducted a bench trial. After the presentation of the prosecution's case-in-chief, appellant requested the court, under Crim.R. 29, for a judgment of acquittal. Appellant argued,inter alia, that insufficient evidence existed to prove that appellant drove the vehicle and, consequently, committed the criminal acts. The prosecution conceded that insufficient evidence existed to support charges for DUI, leaving the scene of an accident, and the display of a fictitious registration charge. After the trial court considered the evidence and counsels' arguments, the court: (1) dismissed the charges for DUI, leaving the scene of an accident, and fictitious registration; and (2) granted the prosecutor's motion to amend the obstruction of official business charge to attempted obstruction of official business.
At the conclusion of the trial, the trial court found appellant guilty of (1) driving under suspension; (2) the failure to control a motor vehicle; and (3) attempted obstruction of official business. Appellant filed a timely notice of appeal.
 I
In his first assignment of error, appellant asserts that insufficient evidence exists to support appellant's convictions for driving under suspension and for the failure to control a motor vehicle. In particular, appellant contends that the evidence adduced at trial did not establish beyond a reasonable doubt that appellant operated the pickup truck. Appellant notes that he did not, at any time, admit that he operated the vehicle and that the facts adduced at trial are not "conclusive." Appellee, on the other hand, argues that Thrush's testimony provided substantial circumstantial evidence that appellant operated the truck.
When an appellate court reviews a claim that a conviction is not supported by sufficient evidence, our inquiry focuses primarily upon the adequacy of the evidence; that is, whether the evidence, if believed, reasonably could support a finding of guilt beyond a reasonable doubt. See State v. Thompkins (1997), 78 Ohio St.3d 380, 386, 678 N.E.2d 541,546 (stating that "sufficiency is the test of adequacy"); State v. Jenks
(1991), 61 Ohio St.3d 259, 574 N.E.2d 492. The standard of review is whether, after viewing the probative evidence and inferences reasonably drawn therefrom in the light most favorable to the prosecution, any rational trier of fact could have found all the essential elements of the offense beyond a reasonable doubt. Jackson v. Virginia (1979),443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560; Jenks,61 Ohio St. 3d at 273, 574 N.E.2d at 503. Furthermore, a reviewing court is not to assess "whether the state's evidence is to be believed, but whether, if believed, the evidence against a defendant would support a conviction."Thompkins, 78 Ohio St.3d at 390, 678 N.E.2d at 549 (Cook, J., concurring).
Thus, when an appellate court reviews the sufficiency of the evidence, the court must construe the evidence in a light most favorable to the prosecution. See State v. Hill (1996), 75 Ohio St.3d 195, 205,661 N.E.2d 1068, 1079; State v. Grant (1993), 67 Ohio St.3d 465, 477,620 N.E.2d 50, 64-65; State v. Rojas (1992), 64 Ohio St.3d 131, 139,592 N.E.2d 1376, 1384. Reviewing courts will not overturn convictions on sufficiency of evidence claims unless reasonable minds could not reach the conclusion reached by the trier of fact. See State v. Tibbetts
(2001), 92 Ohio St.3d 146 749 N.E.2d 226; State v. Treesh (2001),90 Ohio St.3d 460, 739 N.E.2d 749.
Additionally, we note that the elements of a criminal offense may be established either by direct evidence, by circumstantial evidence, or by both types of evidence. See State v. Durr (1991), 58 Ohio St.3d 86,568 N.E.2d 674. Circumstantial evidence and direct evidence inherently possess the same probative value and in some instances, certain facts can only be established by circumstantial evidence. Jenks, supra.
In the case sub judice, after our review of the record we believe that the prosecution presented sufficient evidence from which a trier of fact could conclude, beyond a reasonable doubt, that appellant committed the offenses of driving under suspension and failing to control a motor vehicle. The circumstantial evidence adduced at trial, if believed, reasonably supports a finding that appellant operated the vehicle. Appellant's proximity to the accident scene, the absence of other individuals in the immediate area, appellant's injury and appellant's strong desire to remove the vehicle's license plates and to leave the accident scene provides an ample basis for the trial court's conclusion that appellant committed the offense.
Accordingly, based upon the foregoing reasons, we overrule appellant's first assignment of error.
 II
In his second assignment of error, appellant asserts that an attempt to remove the truck's license plates, if successful, would not have prevented or frustrated a law enforcement officer's performance of his duties. Appellee argues that appellant intended to hamper or to impede the investigating officer's duties. We agree with appellee.
The obstructing official business statute, R.C. 2921.31, provides:
 No person, without privilege to do so and with purpose to prevent, obstruct, or delay the performance by a public official of any authorized act within his official capacity, shall do any act which hampers or impedes a public official in the performance of his lawful duties.
Conduct that Ohio courts have examined and have concluded that violated the statute includes: (1) the making of unsworn false oral statements to a law enforcement officer, see State v. Lazzaro (1996), 76 Ohio St.3d 261,667 N.E.2d 384; (2) removing a parking enforcement officer's chalk mark from a vehicle's tire, even if the vehicle is not in violation of the time limitation, see Sandusky v, DeGidio (1988), 51 Ohio App.3d 202,555 N.E.2d 680; (3) refusing to produce a driver's license immediately upon request, shouting so that an officer cannot hear what another witness is saying, and resisting an officer's suggestion to return home for questioning, see North Ridgeville v. Reichbaum (1996), 112 Ohio App.3d 79,677 N.E.2d 1245; and (4) interfering with an officer's attempt to arrest another, see State v. Anderson (1976), 46 Ohio St.2d 219, 346 N.E.2d 776. An affirmative act is required to support a R.C. 2921.31 conviction. In the case sub judice, we agree with the trial court's conclusion that appellant's attempt to remove the vehicle's license plates constitutes an attempted obstruction of official business. Appellant's affirmative act, if successful, would have obstructed and delayed a law enforcement officer, a public official, in performing an accident investigation and other lawful duties.
Accordingly, based upon the foregoing reasons we overrule appellant's second assignment of error and affirm the trial court's judgment.
JUDGMENT AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the judgment be affirmed and that appellee recover of appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Vinton County Court to carry this judgment into execution.
If a stay of execution of sentence and release upon bail has been previously granted, it is continued for a period of sixty days upon the bail previously posted. The purpose of said stay is to allow appellant to file with the Ohio Supreme Court an application for a stay during the pendency of the proceedings in that court. The stay as herein continued will terminate at the expiration of the sixty day period.
The stay will also terminate if appellant fails to file a notice of appeal with the Ohio Supreme Court in the forty-five day period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to the expiration of said sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Kline, J.: Concurs in Judgment Opinion as to Assignment of Error I and Dissents as to Assignment of Error II
Evans, J.: Concurs in Judgment Opinion as to Assignment of Error I and Concurs in Judgment Only as to Assignment of Error II