**UNITED STATES of America**

v.

**Victor Manual GERENA, et al.**

**No. Cr. H–85–50 (TEC).**

United States District Court,
D. Connecticut.

July 31, 1987.

See also, D.C., 667 F.Supp. 911.

Albert S. Dabrowski, Hartford, Conn., Carmen E. Van Kirk, John A. Danaher, III, Leonard C. Boyle, Asst. U.S. Attys. (Stanley A. Twardy, Jr., U.S. Atty.), New Haven, Conn., David D. Buvinger, William J. Corcoran, Trial Attys., U.S. Dept. of Justice, Washington, D.C., for plaintiff.

Juan R. Acevedo, Hartford, Conn., for Norman Ramirez Talavera.

James L. Sultan, Rankin & Sultan, Boston, Mass., for Ivonne Melendez Carrion.

Diane Polan, New Haven, Conn., for Elias Castro Ramos.

James Bergenn, Shipman & Goodwin, Hartford, Conn., for Carlos Ayes-Suarez.

Richard Reeve, Asst. Federal Public Defender, New Haven, Conn., for Isaac Camacho-Negron.

Linda Backiel, Philadelphia, Pa., for Antonio Camacho Negron.

Leonard I. Weinglass, New York City, for Juan E. Segarra-Palmer.

William M. Kuntsler, Richard J. Harvey, New York City, for Filiberto Ojeda Rios.

Margaret P. Levy, Hartford, Conn., for Angel Diaz Ruiz.

Michael Deutsch, Chicago, Ill., for Orlando Gonzalez Claudio.

John Williams, New Haven, Conn., for Hilton Fernandez-Diamante.

Ronald L. Kuby, New York City, for Luis Colon Osorio.

Robert J. Maldonado-Rivera, Rio Piedras, Puerto Rico, pro se.

F. Mac Buckley, Buckley & Santos, Hartford, Conn., for Paul Weinberg.

Jacob Wieselman, Hartford, Conn., for Luz Berrios-Berrios.

Harold Meyerson, New York City, for Jorge Farinacci Garcia.

## RULING ON THE DISCLOSURE OF EXPERT REPORTS PERTAINING TO TITLE III MATTERS

CLARIE, Senior District Judge.

The suppression hearings in regard to the legality of the procedures followed by the F.B.I. in the course of the electronic surveillance conducted in connection with this case are scheduled to commence on August 25, 1987. The defendants have filed several motions which allege that the government engaged in live monitoring, failed to minimize, and tampered with the audio tapes.

In order to substantiate these claims, the defendants were authorized under 18 U.S.C. Sec. 3006A(e)(1) to hire two experts to analyze the tapes. To insure effective cross-examination, prevent unnecessary surprise, and eliminate unjustifiable delay, the Court hereby orders that the defendants and the government exchange on or before August 18, 1987 any expert reports prepared by individuals who are examining the Title III tapes in this case. Any preliminary findings or reports should also be tendered at this time. In the alternative, if expert reports have not been prepared, the Court orders that both the government and the defense disclose: 1.) the identity of their Title III experts, 2.) specify with particularity all claims or defenses to be made, and 3.) identify the specific tapes upon which the claims are to be based. The government and the defense are under a continuing duty to supplement the filings as new findings are made. (hereinafter either type of filing will be referred to as an expert report). Any defendant who fails to file an expert report within one week of the date of the hearing on a particular issue will be precluded from raising the specific claims set forth in said report at that time.

## DISCUSSION

Rule 16(a)(1)(D) requires that the government disclose expert reports which are prepared by the government and "are material to the preparation of the defendant's defense or are intended for use by the government as evidence in chief at trial." Disclosure of expert reports prepared by the defendant are required under 16(b)(1)(B) if the defendant intends to "introduce the reports as evidence in chief at the trial or if the reports were prepared by a witness whom the defendant intends to call at the trial when the results or reports relate to that witness' testimony."

The defendants claim that because the rule addresses only the disclosure of expert reports for trial preparation, the Court lacks the authority to order the exchange of reports for purposes of pretrial suppres-

sion hearings. The Court finds no merit to this claim. The Court agrees that Rule 16 does not address the disclosure of expert reports in regard to suppression hearings. That Rule 16 does not address the situation does not, however, dispose of the issue.

The purpose behind the disclosure of expert reports is to insure effective cross-examination, prevent surprise and avoid delay. *See also* 2 Wright Federal Practice and Procedure Sec. 254 (2d ed. 1982); *United States v. Barrett*, 703 F.2d 1076 (9th Cir.1983), *citing United States v. Kelly*, 420 F.2d 26 (2d Cir.1969). The Title III claims which shall be litigated during the pretrial hearings are likely to be complex and technical. It would be difficult for either side to test the expert testimony without some notice and preparation. Thus, the rationale behind the disclosure of expert reports prior to trial is equally applicable to the Title III suppression hearings in this case. Thus, in ordering the disclosure of expert reports for pretrial hearings, the Court merely extends the salutory principles of limited openness and fairness embodied in Rule 16 as it applies to proceedings at trial.

The Court finds authority in Rule 57 of the Federal Rules of Criminal Procedure. Rule 57 states that "in all case not provided for by rule, the district judges and magistrates may regulate their practice in any manner not inconsistent with these rules or those of the district court in which they act." As noted above, the issue of the disclosure of expert reports for purposes of suppression hearings is not addressed in the Rules of Criminal Procedure. Based on Rule 57 and a court's inherent power to insure fundamental fairness in a criminal trial, the Court herein orders the simultaneous exchange of expert reports. *See United States v. Baird*, 414 F.2d 700, 706 (2d Cir.1969), *cert. denied*, 396 U.S. 1005, 90 S.Ct. 559, 24 L.Ed.2d 497 (1970) (court finds that a district court has the authority to order a defendant to undergo a psychiatric examination based on the court's inherent power to insure fundamental fairness in criminal cases).

The defendants principle objections to the disclosure of their experts' reports are 1.) it is unfair to require only that the defendants disclose their experts' reports or findings, and 2.) disclosure of the claims to be asserted by the defendants will enable F.B.I. agents to tailor their testimony accordingly. The Court has not ordered only the defendants to disclose their expert findings. Pursuant to the Court's order, the government too must disclose any expert reports or specify the claims to be asserted by it. In fact, the defendants agreed in their response to the government's motion seeking disclosure that simultaneous disclosure is appropriate (*See* footnote 1, Defendants' Response in Opposition to the Disclosure of McDermott's Report). Secondly, the allegation that the agents will alter their testimony in order to rebut the defendants' claims, assumes that the witnesses, sworn under oath, will commit perjury. The Court rejects the implication that disclosure will lead to perjury on the part of government witnesses.

Finally, the letter dated August 26, 1986, cited by the defendants in support of their opposition, is irrelevant to the issue which now faces the Court. Contained in said letter was a statement that the government would not disclose voluntarily the substance of its expert's testimony. The refusal to comply voluntarily with a defense request is irrelevant to the issue of whether the Court can order the simultaneous exchange of expert reports.

The Court finds that simultaneous disclosure of expert reports in connection with the Title III suppression hearings is required to insure judicial efficiency and effective cross-examination. The defendants and the government shall exchange reports on or before August 18, 1987. Preliminary findings or claims should also be tendered at this time. Both the government and the defendants are under an obligation to supplement their initial disclosure as conclusions are drawn and/or new findings are made. If the experts engaged by either side have not prepared a report, both the government and the defendants shall file

an affidavit which states with specificity: 1.) the identity of the expert witnesses, 2.) the specific claims or defenses in detail that will be the subject of testimony, and 3.) the identity of the specific tapes upon which the claims shall be based.

Both the government and the defense must file all detailed claims or defenses in regard to a specific issue one week prior to the date of the hearing on that issue. Any claims or defenses filed after that time will not be considered by the Court.

SO ORDERED.