**UNITED STATES of America, Plaintiff,**

v.

**Carlos MICHEL–DIAZ, Alfonso Barragan–Benavides, Mario Gonzalez, and Ernestina Farias Alcantar, Defendants.**

**No. CV 02–02–H–DWM.**

United States District Court,
D. Montana.
Helena Division.

June 13, 2002.

Bernard F. Hubley, Office of the U.S. Attorney, Helena, MT, For Plaintiff.

Larry Jent, Williams, Jent & Dockins, Bozeman, MT, Deirdre N. Caughlan, Dunlap & Caughlan, Butte, MT, Doreen Antenor, Bailey & Antenor, Missoula, MT, Michael Donahoe, Federal Defenders of Montana–Helena Branch, Helena, MT, For Defendants.

## ORDER

MOLLOY, Chief Judge.

■ The United States moves the Court to modify the Scheduling Order in this matter to strike the expert witness disclosure requirements set out by the Court. The government argues that the express requirements of the Court's Order exceed the scope of Fed.R.Crim.P. 16(a)(1)(E), and therefore the government should not be required to comply with the expert witness disclosure requirements delineated in the Scheduling Order.

Paragraph Four of the Scheduling Order in this matter reads, in its entirety:

The parties are under a continuing duty of disclosure and discovery of materials set forth herein, pursuant to Federal Rule of Criminal Procedure 16(c). If **expert witnesses** are engaged, the parties shall fully comply with the requirements of Rule 16(a)(1)(E) and Rule 16(b)(1)(C), respectively. Unless otherwise ordered by the Court, compliance with Rule 16 requires that the expert summary shall contain a complete statement signed by the expert of all opinions to be expressed and the bases and reasons for the opinions; any data or information considered by the expert in forming the opinions; the qualifications of the expert, including a list of all publications by the expert within the past ten years, and a list of all cases for which the expert has testified as an expert in trial or by deposition in the past four years.

The government claims that these requirements improperly integrate requirements of the Federal Rules of Civil Procedure into a federal criminal matter.

Fed.R.Crim.P. 16(a)(1)(E) provides, in its entirety:

**Expert Witnesses.** At the defendant's request, the government shall disclose to the defendant a written summary of testimony that the government intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence during its case-in-chief at trial. If the government requests discovery under subdivision (b)(1)(C)(ii) of this rule and the defendant complies, the government shall, at the defendant's request, disclose to the defendant a written summary of testimony the government intends to use under Rules 702, 703, or 705 as evidence at trial on the issue of the defendant's mental condition. The summary provided under this subdivision shall describe the witnesses' opinions, the bases and the reasons for those opinions, and the witnesses' qualifications.

The Federal Rules of Criminal Procedure "are more regulators than creators of authority. Absent their provisions, there

remains the twin grants from the Constitution and the Congress of judicial power which can be exercised by a district judge 'Except as otherwise provided by law, or rule or order of court ...' 28 U.S.C. § 132(c). Accordingly, it is inaccurate to assert that, absent the explicit mention of a given procedure in the Rules or Acts of Congress, a district court lacks authority to require a given procedure in a particular case." *United States v. Jackson*, 374 F.Supp. 168, 174 (N.D.Ill.1974)(affirmed in relevant part, 508 F.2d 1001, 1006 (7th Cir.1975)).

Fed.R.Crim.P. 57(b) provides, in its entirety:

> **Procedure When There Is No Controlling Law.** A judge may regulate practice in any manner consistent with federal law, these rules, and local rules of the district. No sanction or other disadvantage may be imposed for noncompliance with any requirement not in federal law, federal rules, or the local district rules unless the alleged violator has been furnished in the particular case with actual notice of the requirement.

The purpose behind the disclosure of expert reports is to insure effective cross-examination, prevent surprise and avoid delay. *See United States v. Gerena*, 116 F.R.D. 596, 598 (D.Conn.1987). The Court may require disclosure of expert reports for suppression hearings as well as trial. *Id.*

The requirements of the Scheduling Order in this matter are not inconsistent with Fed.R.Crim.P. 16(a)(1)(E). Rather, the Order sets out specifically how this Court wants parties to comply with Fed. R.Crim.P. 16(a)(1)(E). The Local Rules of the District of Montana do not address Fed.R.Crim.P. 16. However, the purpose of Fed.R.Crim.P. 57 is to provide flexibility to the Court in regulating practice when there is no controlling law. *See* Fed. R.Crim.P. 57 Advisory Committee Notes.

No adverse consequences should befall a party unless it has received actual notice of the special requirements of the Court. *Id.*

Here, parties were provided sufficient actual notice of the requirements of the Court regarding expert witnesses in the Scheduling Order. The requirements of the Scheduling Order are not inconsistent with the Federal Rules of Criminal Procedure and within the power of the Court to require.

Wherefore IT IS HEREBY ORDERED that the government's Motion to Modify (docket # 64) is DENIED.