The STATE of Ohio, Appellant,

v.

CRAFT, Appellee.

[Cite as *State v. Craft*, 149 Ohio App.3d 176, 2002-Ohio-4481.]

Court of Appeals of Ohio,
Twelfth District, Butler County.

No. CA2001–09–202.

Decided Sept. 3, 2002.

Robin N. Piper, Butler County Prosecuting Attorney, Daniel G. Eichel and Randi E. Froug, Assistant Prosecuting Attorneys, for appellant.

Betty D. Montgomery, Attorney General, Henry G. Appel and Tara L. Berrien, Assistant Attorneys General, Capital Crimes Section, for amicus curiae.

Michael S. Conese and Michael D. Shanks, for appellee.

---

POWELL, Judge.

{¶ 1} This is an interlocutory appeal by the appellant, the state of Ohio, of a pretrial discovery order. We reverse the trial court's order.

{¶ 2} On June 11, 2001, defendant-appellee, James Craft, was indicted for aggravated murder in violation of R.C. 2903.01(B). The indictment alleged that on or about June 13, 1974, appellee purposely caused the death of Cynthia Beuerlein while committing or attempting to commit the offense of kidnapping.

{¶ 3} Appellee requested discovery and a bill of particulars. Among the items appellee requested were the names and addresses of witnesses interviewed by the state in connection with its investigation of the victim's death. Appellee also requested that the state provide all witness statements obtained in connection with its investigation. The state filed a bill of particulars and provided some of the items requested by appellee. However, the state refused to provide appellee with the names and addresses of witnesses it did not intend to call at trial. The state also refused to disclose all witness statements obtained in connection with its investigation. The state claimed that the names and addresses and the witness statements were not discoverable under Crim.R. 16.

{¶ 4} The trial court held a discovery hearing on August 31, 2001. At the conclusion of the hearing, the trial court ordered the state to "turn over to counsel for the defendant a list of the names and addresses of witnesses

interviewed by law enforcement officers in connection with their investigation of this case in 1974." The trial court also ordered the state to turn over to the trial court "all statements of witnesses interviewed by law enforcement officers in connection with their investigation of this case" for an in camera *Brady* material inspection. The trial court acknowledged that Crim.R. 16 did not specifically authorize the disclosure of these items. However, the trial court reasoned that due to the passage of time since the alleged crime took place, "fundamental fairness" required disclosure.

{¶ 5} The state made a motion in this court for leave to file an interlocutory appeal pursuant to R.C. 2945.67. This court granted the state's motion.

{¶ 6} The state asserts one assignment of error on appeal:

{¶ 7} "The trial court's pretrial discovery order erroneously exceeded the scope of Crim.R. 16(B)."

{¶ 8} The state makes two arguments under its sole assignment of error. First, the state contends that the trial court abused its discretion in ordering the state to disclose the names and addresses of all witnesses interviewed by the state at the time of its investigation. Second, the state argues that the trial court abused its discretion in ordering the state to furnish to the trial court "any and all statements of witnesses interviewed by law enforcement officers in connection with its investigation" for an in camera *Brady* inspection.

{¶ 9} In support of its first argument, the state asserts that providing the names and addresses of witnesses it does not intend to call at trial is contrary to Crim.R. 16(B). The state also argues that such disclosure unlawfully requires the state to disclose nondiscoverable investigatory work product and to create a document that does not exist.

{¶ 10} The granting or overruling of discovery motions in a criminal case rests within the sound discretion of the trial court. *State v. Shoop* (1993), 87 Ohio App.3d 462, 469, 622 N.E.2d 665. Abuse of discretion connotes more than an error of law or judgment; it implies that the trial court's decision was arbitrary, unreasonable, or unconscionable. *State v. Adams* (1980), 62 Ohio St.2d 151, 157, 16 O.O.3d 169, 404 N.E.2d 144; *State v. Davis* (1992), 79 Ohio App.3d 450, 454, 607 N.E.2d 543.

{¶ 11} Criminal defendants must be afforded a meaningful opportunity to present a complete defense. *California v. Trombetta* (1984), 467 U.S. 479, 485, 104 S.Ct. 2528, 81 L.Ed.2d 413. However, "[t]here is no general constitutional right to discovery in a criminal case * * *." *Weatherford v. Bursey* (1977), 429 U.S. 545, 559, 97 S.Ct. 837, 51 L.Ed.2d 30.

{¶ 12}  Crim.R. 16 identifies what information is discoverable in criminal cases.  *State ex rel. Steckman v. Jackson* (1994), 70 Ohio St.3d 420, 428, 639 N.E.2d 83;  *State v. Neiderhelman* (Sept. 18, 1995), Clermont App. No. 94–10–081, 1995 WL 550030.  "[I]n the criminal proceeding itself, a defendant may use only Crim.R. 16 to obtain discovery."  *Steckman*, 70 Ohio St.3d at 429, 639 N.E.2d 83.  In Steckman, the court eliminated the use of public records requests to obtain discovery in criminal proceedings, specifically limiting discovery to that provided for in Crim.R. 16.  Id.

{¶ 13}  With regard to witness names and addresses, Crim.R. 16(B)(1)(e) provides: "Upon motion of the defendant, the court shall order the prosecuting attorney to furnish to the defendant a written list of the names and addresses of all witnesses whom the prosecuting attorney intends to call at trial * * *."

{¶ 14}  We find that the trial court abused its discretion in ordering the state to disclose "a list of the names and addresses of witnesses interviewed by law enforcement officers in connection with [the state's] investigation * * * in 1974."  Crim.R. 16(B)(1)(e) specifically addresses the disclosure of names and addresses of witnesses, and requires disclosure only of witnesses the state intends to call at trial.  Thus, the trial court's order expands an area of discovery already addressed by Crim.R. 16.  Permitting such discovery is inconsistent with the discovery procedure provided for in Crim.R. 16 and with *Steckman*.  Therefore, we find that the trial court abused its discretion in ordering the state to disclose the names and addresses of witnesses it does not intend to call at trial.

{¶ 15}  Appellee cites two cases from the Ninth Appellate District which state that, in some circumstances, trial courts may authorize discovery beyond the scope of Crim.R. 16.  See *State v. Stutts* (Jan. 2, 1991), Lorain App. No. 90CA004879, 1991 WL 1964;  *State v. Malroit* (Nov. 8, 2000), Medina App. No. 3034–M, 2000 WL 1675046.  However, both of these cases are distinguishable from the present case.

{¶ 16}  In *Stutts*, the defendant, who was charged with attempted rape and gross sexual imposition, requested an independent psychological evaluation of the alleged victim.  The trial court granted the defendant's request.  Crim.R. 16 does not address the defendant's right to obtain an independent psychological evaluation of a sexual abuse victim.  The court of appeals, citing two federal district court cases, noted the trial court's "inherent authority to order discovery so as to insure fundamental fairness in the proceedings before them."  *Stutts*, Lorain App. No. 90CA004879, citing *United States v. Gerena* (D.Conn.1987), 116 F.R.D. 596, 598;  *United States v. Cammisano* (W.D.Mo.1976), 413 F.Supp. 886, 892.  The court stated that "when a party seeks to discover materials not identified in Crim.R. 16, some evidence should be presented justifying a departure from

standard practice unless such a need is readily apparent." *Stutts*, citing *United States v. Richter* (C.A.9, 1973), 488 F.2d 170, 175.

{¶ 17} The *Stutts* court stated that "[t]here should be, at the very least, a demonstration that such evidence is potentially exculpatory and cannot be obtained by other reasonable means" before a trial court allows discovery beyond the scope of Crim.R. 16. The court further noted that Crim.R. 16 "is a time-tested standard which promotes regularity and efficiency in discovery proceedings," and should be transcended only when absolutely necessary. The court held that the trial court's granting of the defendant's request for an independent evaluation was too broad. Stressing the need for rigorous scrutiny of a trial court's decision ordering discovery beyond the scope of Crim.R. 16, the court remanded the case so the trial court could set parameters on the scope of the independent evaluation.

{¶ 18} In *Malroit*, the defendant, who was charged with felonious sexual penetration, sought discovery of psychological examinations of the alleged victim. The court acknowledged that such discovery is not addressed in Crim.R. 16. Citing *Stutts*, the court noted the trial court's inherent authority to order discovery not specifically authorized or prohibited by Crim.R. 16. *Malroit*, Medina App. No. 3034–M. However, the defendant did not demonstrate that the psychological examinations would produce potentially exculpatory evidence that could not be obtained by other reasonable means. Therefore, the court found that it was not within the trial court's discretion to order this discovery beyond the scope of Crim.R. 16.

{¶ 19} The present case differs significantly from *Stutts* and *Malroit*. *Stutts* and *Malroit* both dealt with areas of discovery not addressed in the criminal rule. By contrast, discovery of names and addresses of witnesses is specifically addressed in Crim.R. 16. Crim.R. 16(B)(1)(e) requires the state to disclose only the names and addresses of witnesses it intends to call at trial. Thus, we find that the trial court's attempt to expand discovery beyond a specific area already addressed by Crim.R. 16 is an abuse of discretion. Such an expansion is unreasonable and contrary to the discovery scheme crafted by the drafters of the rule.

{¶ 20} Even applying the standard set forth in *Stutts* and *Malroit*, the names and addresses sought by appellee would not be discoverable. Appellee has not demonstrated and it is not apparent from the record that the names and addresses sought would produce "potentially exculpatory" evidence that could not be "obtained by other reasonable means." See *Stutts*, Lorain App. No. 90CA004879; *Malroit*, Medina App. No. 3034–M.

{¶ 21} We now address appellee's second argument, regarding the trial court's in camera inspection of witness statements. Under this argument, the state asserts that the trial court did not have the authority to order the in camera *Brady* inspection. The state argues that ordering such an inspection is contrary to Crim.R. 16 and established case law.

{¶ 22} Under *Brady v. Maryland* (1963), 373 U.S. 83, 87, 83 S.Ct. 1194, 10 L.Ed.2d 215, the state has a duty to disclose to the defense "evidence favorable to an accused * * * where the evidence is material either to guilt or to punishment." Failure to disclose such evidence violates due process. Id. Crim.R. 16(B)(1)(f) codifies the prosecution's duty under *Brady*. *State v. Keene* (Sept. 20, 1996), Montgomery App. No. 14375, 1996 WL 531606. Crim.R. 16(B)(1)(f) provides: "Upon motion of the defendant before trial the court shall order the prosecuting attorney to disclose to counsel for the defendant all evidence, known or which may become known to the prosecuting attorney, favorable to the defendant and material either to guilt or punishment."

{¶ 23} "In the typical case where a defendant makes only a general request for exculpatory material under *Brady* * * *, it is the State that decides which information must be disclosed. Unless defense counsel becomes aware that other exculpatory evidence was withheld and brings it to the court's attention, the prosecutor's decision on disclosure is final." *Pennsylvania v. Ritchie* (1987), 480 U.S. 39, 59, 107 S.Ct. 989, 94 L.Ed.2d 40. Thus, the prosecution, not the trial judge, ordinarily bears the duty of examining documents for potential *Brady* material. *State v. Lawson* (1992), 64 Ohio St.3d 336, 343, 595 N.E.2d 902.

{¶ 24} The record shows that appellee's discovery requests for exculpatory material were general in nature. In his discovery demand, appellee requested from the state "the entire file of the Butler County Sheriff's Department or any other police agency involved in the investigation" so that he could determine if any part of the file was "material to the preparation of his defense." Appellee also made a more general *Brady* request for all evidence "favorable to [appellee] and material to either guilt or punishment." Additionally, appellee made a "motion for disclosure of witness statements prior to trial." In an attached memorandum, appellee argued that the state should disclose all witness statements so that appellee could examine the statements for *Brady* material.

{¶ 25} We find that the trial court abused its discretion in ordering an in camera *Brady* inspection of witness statements. In this case, appellee made general discovery requests for exculpatory evidence in the state's possession. The state represented to appellee that no material and exculpatory evidence existed in its file. The record does not show that appellee became "aware that other exculpatory evidence was [being] withheld" by the state. See *Ritchie,* 480 U.S. at 59, 107 S.Ct. 989, 94 L.Ed.2d 40. Thus, the state's decision on the

disclosure of *Brady* material should have been final. See id. Therefore, the trial court abused its discretion in ordering the in camera inspection because ordering such an inspection is inconsistent with the procedure prescribed in *Brady* and its progeny.

{¶ 26} Based on the foregoing, appellant's sole assignment of error is sustained. The trial court's August 31, 2001 discovery order and the in camera inspection that followed are null and void. We remand this case to the trial court for further proceedings according to law and consistent with this opinion.

Judgment reversed
and cause remanded.

WALSH, P.J., and WILLIAM W. YOUNG, J., concur.