UNITED STATES of America,
Plaintiff,

v.

W.R. GRACE, Alan R. Stringer, Henry A. Eschenbach, Jack W. Wolter, William J. McCaig, Robert J. Bettacchi, O. Mario Favorito, Robert C. Walsh, Defendants.

No. CR 05–07–M–DWM.

United States District Court,
D. Montana,
Missoula Division.

Dec. 5, 2005.

William B. Jacobson, Laurence A. Urgenson, Kirkland & Ellis LLP, Gary A.

Winters, Mayer Brown Rowe Maw LLP, Washington, DC, Carl J. Oreskovich, Holden & Oreskovich, Spokane, WA, Charles E. McNeil, Stephen R. Brown, Jr., Kathleen L. Desoto, Garlington, Lohn & Robinson PLLP, C.J. Johnson, Kalkstein Law Firm, Missoula, MT, Ronald F. Waterman, Gough Shanahan Johnson, Palmer A. Hoovestal, Hoovestal Kakuk & Fanning, Helena, MT, Elizabeth Van Doren Gray, Sowell Gray Stepp & Lafitte, Columbia, SC, William A. Coates, Roe Cassidy Coates & Price, Greenville, SC, Stephen A. Jonas, Wilmer Cutler Pickering Hale Dorr, Boston, MA, Keith Strong, Dorsey & Whitney, PC, Great Falls, MT, Tyler D. Mace, for Defendants.

## ORDER

MOLLOY, Chief Judge.

### I. Introduction[1]

A status conference was held in this matter on December 2, 2005. Among the issues discussed at the conference were the sufficiency of the prosecution's expert disclosures, the prosecution's compliance with the Court's recent discovery orders, the Defendants' collective request for an extension of the deadline for reciprocal discovery under Rule 16(b)(1), Fed. R.Crim.P., and the Defendants' concerns over the size of the government's witness list. Pursuant to Rule 17.1, Fed.R.Crim. P., and in order to promote the orderly progression of this matter to trial, the Court hereby enters this memorandum and order.

### II. Matters Discussed at the Status Conference

**A. The United States' Finalized Witness List**

██ The Scheduling Order in this case, dated March 15, 2005, requires that the prosecution disclose a "finalized list of witnesses and trial exhibits" on September 30, 2005. That disclosure deadline was selected in part because of the government's representation in its Notice to the Court dated March 8, 2005 that it was prepared to try the case in September 2005. In the same document, the government estimated that it would call 60 to 80 witnesses in its case in chief.

The witness list disclosed by the government on September 30, 2005 names 233 witnesses. The government explains that the reason for the increase is that the investigation of this case is ongoing and will continue through the close of all evidence at trial. That contention is at odds with the prosecution's claim in March that it was prepared to try its case in September of 2005. The government placed its case before the grand jury many months ago. Presumably, the witnesses deemed necessary by the government to prove the charges had been identified by the time of the filing of the Indictment. By the government's own admission, its case was prepared to go to trial three months ago. It cannot now credibly claim that it is necessary to continue adding witnesses to an already unwieldy list.

Nor is it fair to the Defendants for the government to contend that its case is still a work in progress more than six months after the discovery deadline. While it is never advisable to take a "charge first, investigate later" approach to criminal prosecution, such an approach is doubly undesirable in a case of this complexity. Nonetheless, the Court attempted to allow for additional investigation by the government by establishing two deadlines for dis-

---

1. The facts of this case, set forth in the Court's prior orders, are well known to the parties and will not be repeated here.

closure of witnesses, the preliminary deadline of May 27 and the final deadline of September 30. Those deadlines having passed, the government's presentation at trial will be limited to those witnesses that have been disclosed as of the filing of this Order.

As a means of reducing the number of prosecution witnesses needed at trial, the government proposed at the status conference that the Defendants review the government's exhibit list and identify those exhibits for which they will not contest foundation and authenticity, thereby eliminating the necessity of a foundation witness. I agree that such a procedure would be worthwhile. Accordingly, the Defendants shall review the prosecution's exhibits and identify those which all Defendants are willing to stipulate are authentic and do not require a foundation witness.[2] The Defendants must inform the government of their stipulations no later than January 13, 2006. Upon receiving the stipulations, the government shall have two weeks in which to inform the Defendants and the Court of the corresponding foundation witnesses to be removed from the government's list.[3]

## B. The Government's Compliance with the Court's Discovery Orders

█ The Scheduling Order set a deadline of April 29, 2005 for fulfillment of the government's discovery obligations under Rule 16, Fed.R.Crim.P. As discussed in the Court's orders dated November 23, 2005, the government failed to fully comply with that deadline, resulting in a delay of several months in the completion of discovery. It is my impression that the delay is due largely to the government's practice of adopting aggressive legal positions in defense of non-disclosure and waiting for an order of this Court to sort out the dispute. If this case is to proceed to trial as currently scheduled, that practice by the government must cease.

To that end, I will grant in part the Defendants' request that the government's compliance with the recent discovery orders be monitored. No more than ten days after the January 13, 2006 deadline for compliance with its *Brady* obligations, the government shall file a separate affidavit for each federal agency listed in the Court's November 23, 2005 Order, describing the process of *Brady* compliance with regard to that agency. The description shall include the type of search used, the places searched, the number of individuals involved in the search, and the name of the person with primary responsibility for conducting the search within the particular agency named. It is unnecessary to monitor the process of compliance with the Court's rulings with regard to Rule 16 because unlike *Brady*, the government's compliance with Rule 16 can best be assessed by evaluating the materials produced.[4]

## C. The Government's Expert Disclosures

The Scheduling Order sets an expert disclosure deadline of September 30, 2005

---

2. Such stipulations will not constitute a waiver of any evidentiary objections beyond foundation and authenticity. In the event some Defendants are willing to stipulate as to a document and others are not, the Defendants shall notify the Court and identify with respect to each such document those Defendants who are willing to stipulate and those who are not.

3. To the extent the parties can agree to stipulations of foundation and authenticity with respect to the Defendants' exhibits, they should attempt to do so by April 30, 2006.

4. The government has agreed to identify any evidence it intends to offer under Rule 404(b), Fed.R.Evid., by March 11, 2006.

for the government. The Defendants contend that the disclosures provided by the government are inadequate and have filed a written motion for an order compelling more detailed disclosures and allowing depositions of the government's experts.

The government has not yet had an opportunity to respond in writing to the Defendants' motion. However, I find based on my review of the controlling authority and the disclosures attached to the Defendants' motion that certain matters may be resolved without further delay.

Rule 16(a)(1)(G), Fed.R.Crim.P., requires the government to provide, at the defendant's request, a written summary of any expert testimony to be used at trial. "The summary provided ... must describe the witness's opinions, the bases and reasons for those opinions, and the witness's qualifications." This Court has previously held that

> Rule 16 requires that the expert summary shall contain a complete statement signed by the expert of all opinions to be expressed and the bases and reasons for the opinions; any data or information considered by the expert in forming the opinions; the qualifications of the expert, including a list of all publications by the expert within the last ten years, and a list of all cases for which the expert has testified as an expert in trial or by deposition in the past four years.

*United States v. Michel–Diaz,* 205 F.Supp.2d 1155, 1156 (D.Mont.2002).

Based on the foregoing, the following must be included in all expert disclosures in this case:

**1. Specific identification of all documents or other information the expert reviewed in preparing his report, segregated by expert.** Where possible, documents should be identified by exhibit number or Bates number of items already produced. At trial, the government's expert witnesses will not be permitted to rely upon documents unless the documents are contained in the discovery produced to date or are currently subject to an order of this Court requiring production.[5] *See* Rule 16(d)(2)(C) and (D), Fed.R.Crim.P.

**2. Identification of samples reviewed, where applicable.** Samples reviewed should be identified by exhibit number or Bates number if possible.

**3. Any studies, examinations or tests done with respect to the subject matter of the testimony, segregated by expert.** Where possible, studies should be identified by exhibit number or Bates number of items already produced. At trial, the government's expert witnesses will not be permitted to rely upon studies unless the studies are contained in the discovery produced to date or are currently subject to an order of this Court requiring production. *See* Rule 16(d)(2)(C) and (D), Fed.R.Crim.P.

**4. A list of the expert's prior deposition and trial testimony.**

**5. The letter of agreement or contract for services relating to the expert's involvement in this case.** It is not necessary to disclose any other communication between the expert and parties or counsel.

To the extent the government's existing expert disclosures do not comply with the foregoing, they should be revised by January 13, 2006. Upon completion of any necessary revisions, the government shall file with the Court all expert disclosures it has provided in this case. The disclosures should include the substantive report, the *curriculum vitae,* and the list of prior testimony. It is not necessary to include

---

**5.** See Orders dated November 23, 2005 and Order dated November 10, 2005.

other attachments. The government shall timely respond in writing to any remaining issues raised by the Defendants' motion to compel more complete expert disclosures.

 The Defendants' request for depositions of government experts is denied. The Federal Rules of Criminal Procedure offer specific guidance with respect to depositions in Rule 15(a). It is clear from that rule that a court may order depositions are only for the purpose of preserving the testimony of an unavailable witness whose expected testimony would be favorable to the movant. *See United States v. Zuno–Arce,* 44 F.3d 1420, 1425 (9th Cir. 1995) (citations omitted). Otherwise, the parties may stipulate to the use of depositions with the court's consent. *See* Rule 15(h), Fed.R.Crim.P. The Defendants are not entitled to depositions under either subparagraph. Because there is a specific rule addressing depositions in criminal cases, I do not believe either Rule 57(b) or Rule 16(d), Fed.R.Crim.P., provides a means to circumvent the meaning of Rule 15(a).

### D. The Defendants' Reciprocal Discovery Deadline

 The deadline for the Defendants' disclosure of reciprocal discovery under Rule 16(b)(1) is currently set for January 16, 2006. Defendants' have requested that the deadline be continued in recognition of the government's failure to timely comply with its own disclosure requirements. I agree that an extension is warranted. Accordingly, the Defendants shall have until April 30, 2006 to make their reciprocal disclosures under Rule 16(b)(1).

### E. Date for the Next Status Conference

The parties have advised the Court that they have agreed on February 14, 2006 as the date for the next status conference.

The Defendants have also requested oral argument on their motions challenging the facial sufficiency of the charges. Accordingly, it is hereby ordered that oral argument and a status conference will be held on February 14, 2006. The Court will specify those motions to be argued by a later order.