OPINION AND JUDGMENT ENTRY *Page 2 
{¶ 1} Appellant James Ludt has filed a pro se App. R. 26(B) Application for Reopening his criminal appeal based on a claim of ineffective assistance of appellate counsel. In an Application for Reopening, the defendant must set forth any assignments of error not considered on the merits or considered on an incomplete record due to appellate counsel's deficient representation. App. R. 26(B)(2)(c). The application shall be granted if there is a genuine issue as to whether the defendant was deprived of the effective assistance of counsel. App. R. 26(B)(5).
 {¶ 2} Counsel's performance is deficient if it falls below an objective standard of reasonableness. State v. Reynolds (1998),80 Ohio St.3d 670, 674, 687 N.E.2d 1358. The defendant must produce evidence that counsel acted unreasonably by substantially violating essential duties owed to the client. State v. Sallie (1998), 81 Ohio St.3d 673,674, 693 N.E.2d 267. On review, counsel enjoys a strong presumption that his or her performance fell within a wide range of reasonable legal assistance. State v. Carter (1995), 72 Ohio St.3d 545, 558,651 N.E.2d 965.
 {¶ 3} To prevail on a claim of ineffective assistance of appellate counsel, Appellant must show not only that counsel's performance was deficient, but must also show the resulting prejudice. Strickland v.Washington (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674. "Deficient performance" means performance falling below an objective standard of reasonable representation. "Prejudice," in this context, means a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. Id. at 687-688, 694,104 S.Ct. 2052, 80 L.Ed.2d 674. To establish prejudice, the defendant must demonstrate that it is within *Page 3 
the realm of probability (not possibility) that the professionally unreasonable performance caused him to lose what he otherwise would have won. United States v. Morrow (C.A.6 1992), 977 F.2d 222, 229, certiorari denied (1993), 508 U .S. 975, 125 L.Ed.2d 668.
 {¶ 4} In Appellant's direct appeal, we sustained counsel's assignments of error and reversed his conviction on two counts of aggravated menacing. State v. Ludt, 7th Dist. No. 07 MA 107, 2009-Ohio-416. Counsel was obviously effective in obtaining the relief that he sought on appeal. Appellant has not alleged prejudice, nor can he establish any prejudice based on appellate counsel's performance: counsel won the appeal. Without a showing of prejudice, there is no basis for a claim of ineffective assistance of counsel.
 {¶ 5} Appellant's application for reopening is without merit and is hereby denied.
Waite, J., concurs.
Vukovich, P.J., concurs.
DeGenaro, J., concurs. *Page 1