[Cite as *Lyons v. Schandel*, 2015-Ohio-3960.]

STATE OF OHIO, CARROLL COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| DIANE M. LYONS | ) | CASE NO. 14 CA 898 |
| | ) | |
| PLAINTIFF-APPELLEE | ) | |
| | ) | |
| VS. | ) | OPINION |
| | ) | |
| SHANE R. SCHANDEL | ) | |
| | ) | |
| DEFENDANT-APPELLANT | ) | |

CHARACTER OF PROCEEDINGS:     Civil Appeal from the Court of Common
Pleas of Carroll County, Ohio
Case No. 2013 DHR 227741

JUDGMENT:     Affirmed.

APPEARANCES:

For Plaintiff-Appellee:     Diane Lyons, *Pro se*
7204 Dial Road
Carrollton, Ohio  44615

For Defendant-Appellant:     Shane R. Schandel, *Pro se*
4176 Mayham Road
Carrollton, Ohio  44615

JUDGES:

Hon. Cheryl L. Waite
Hon. Gene Donofrio
Hon. Mary DeGenaro

Dated:  September 25, 2015

[Cite as *Lyons v. Schandel*, 2015-Ohio-3960.]
WAITE, J.

{¶1} Appellant Shane R. Schandel appeals the Carroll County Common Pleas Court's decision to grant a civil protection order in favor of Appellee Diane M. Lyons. Appellant attempts to raise several arguments as to why the trial court erred in entering the protection order. Appellant has not complied with any of the appellate rules in this matter and has failed to properly frame and support his arguments. Nevertheless, we have attempted to glean the thrust of Appellant's theories on appeal and find that his arguments are without merit and the judgment of the trial court is affirmed.

### Factual and Procedural History

{¶2} Appellant has not provided this Court with a statement of the facts, and Appellee has not filed a brief herein. However, according to our review of the record, Appellant and Appellee were in a relationship and had children together. During this time, Appellant allegedly allowed his ex-brother-in-law to force himself on Appellee, despite her cries for help. After the incident, the parties' relationship ended and Appellee entered a new relationship.

{¶3} Shortly thereafter, Appellant began writing to Appellee and stopping by her home without invitation. During one of his uninvited visits, he attempted to chase down Appellee's boyfriend with his car. Appellee stood in front of Appellant's vehicle in an attempt to stop his behavior. Instead, Appellant repeatedly hit the gas pedal, pulling closer and closer to her. Eventually, he was able to leave the driveway and pursue her new companion.

{¶4} Appellee subsequently sought a civil protection order which is the subject of the present appeal. The order was entered on February 27, 2014. Appellant has filed a timely appeal.

## Non-Conforming Brief

{¶5} We must first note that Appellant's brief fails to comply with App.R 16(A)(5)(6)(7)(8). Appellant has failed to include a summary of the case and the factual history of the case. Further, although he attempts to raise nine assignments of error, he has included only one paragraph of argument in support of these assignments. Further, both his "assignments" and argument are, at times, unintelligible and contain references to nonexistent authority.

{¶6} Appellant's many failures to comply with appellate rules and procedures are grounds for dismissal of this appeal. However, in the interest of fairness and justice, we will proceed to interpret and attempt to address his arguments.

## First Assignment of Error

MR. SCHANDEL WAS DEPRIVED OF HIS RIGHT TO CONFRONTATION AND DUE PROCESS OF LAW, WHEN TRIAL JUDGE PERMITTED HEARSAY TESTIMONY BY DIANE LYONS. (49 : 16, 17.,18,19,20,21,22). WERE ENTERED IN THE COURT RECORDS THAT SAID CHILDREN, (SHIANE AND SHANELYN SCHANDEL) ALLEDGELY [SIC] SAID TO MS. LYONS, THAT MR. SCHANDEL ALLEDGELY [SIC] TOLD HIS CHILDREN THAT MS. LYONS WAS A BAD MOTHER, AND SHE WAS NO GOOD, THAT

PATRICK WAS JUST USING HER, AND THAT MS. LYONS GAVE HIM A DISEASE. AND THAT HE WOULD USE FOUL LANGUAGE IN THEIR PRESENCE. (49: 2,3,4,5,6,7,8).

**{¶7}** Hearsay refers to a statement made by a person other than the declarant while testifying at trial or during a hearing, offered into evidence to prove the truth of the matter asserted. Evid.R. 801(C). However, pursuant to Evid.R. 801(D)(2), when a party's own statement is used against them in court, the statement is not considered to be hearsay, even if the elements of hearsay are met.

**{¶8}** Appellant claims that the trial court denied his right to confrontation by allowing Appellee to introduce hearsay testimony. He argues that this testimony violated his due process rights. Appellant specifically takes issue with Appellee's testimony that he made several derogatory remarks about her to their children and that he used inappropriate language in front of the children.

**{¶9}** The record reflects that Appellee did testify that Appellant made these statements and that they were used against him at trial. However, the testimony was not given for the purpose of proving the truth of the matter asserted (that Appellee was a bad mother, etc.), rather, it was introduced to show Appellant's pattern of abusive behavior. Clearly, these statements cannot be described as hearsay. And again, to the extent some of them may appear to meet the elements of hearsay, they fall within the Evid.R. 801(D)(2) exception. Accordingly, Appellant's first assignment of error is without merit and is overruled.

<u>Second Assignment of Error</u>

MS. LYONS, ENTERED ON FORM 10.01 D ON DECEMBER 16, 2013, ANOTHER PERSONS CONVICTION OF SEXUAL ABUSE OF A CHILD WITH A SENTENCE OF 2 YEARS IN PRISON AS BEING CHARGED TO MR. SCHANDEL'S PREVIOUS CONVICTION. WHICH WAS LATER AMMENDED AFTER THE CIVIL PROTECTION ORDER WAS GRANTED. SIGNED BY MS. LYONS AND NOTORIZED TO BE ENTERED AS EVIDENCE ON THIS CASE AGAINST MR. SCHANDEL [SIC].

**{¶10}** It appears that Appellant is claiming here that when Appellee sought the civil protection order, she attributed someone else's conviction for sexual abuse to Appellant, and that this error was not corrected until after the trial court granted the order.

**{¶11}** Appellant correctly states that a sex offense conviction was included in the petition seeking a protective order, filled out and signed by Appellee. However, contrary to his belief, this conviction was not attributed to him. The section where the conviction is listed asked the petitioner to list "all present court cases and pertinent past court cases (including civil, criminal, divorce, juvenile, custody, visitation, and bankruptcy cases) that relate to the *Respondent, you, your children, your family, or your household members*)." (Emphasis added.) (Form 10.012-D, p. 4.) Appellee did not specifically name the person she listed as having been convicted of sexual abuse, but according to the document, the conviction could have pertained to any one of a number of people. It is clear that this conviction was never linked to

Appellant. His attorney was able to clarify for the court that this conviction did not refer to Appellant before the trial court entered its judgment. Accordingly, Appellant's second assignment of error is without merit and is overruled.

<u>Third, Fourth, and Fifth Assignments of Error</u>

MR. SCHANDEL STATES IN HIS WITNESS STATEMENT THAT HIS COUNSEL MR. DAVID SMITH, DENIED AND OR MISLED MR. SCHANDEL OF THE RIGHT TO REQUEST A NEW TRIAL JUDGE, MR. SMITH WAS STATED TO DISMISS MR. SCHANDEL OF COUNSELS ASSISTANCE TO OBJECT TO HEARSAY DURING THIS TRIAL, ALLOWING INADMISSABLE TESTIMONY IN THIS TRIAL, VIOLATING THE BLACKLEDGE ETHICAL CODE. SEE EXHIBIT TR. (49: 2,3,45,6,7,8,9,10,11,12,13,14,15,16,17,18,19,20,21,22,23). )50:1, 2,3,4,5,6,7,8,9,10,11,12,13,14,15,16,17,18,19,20,21,22,23). 51:1,2,3,4, 5,6,7,8,9,10,11). DEPRIVING MR. SCHANDEL TO A FAIR A JUST TRIAL ACCORDING TO THE COURT OF MUNAHAN, SUPRA 63 O. STREET 3D AT 64,. PROVIDED AN INSIGHT INTO THE PROPER REMEDY FOR CLAIMANTS ASSERTING INEFFECTIVEASSISTANCE OF COUNSEL. AS STATED IN EXHIBIT B, MR.SCHANDEL'S WITNESS STATEMENT. MR. SCHANDEL ALSO STATED THAT COUNSEL WAS REQUESTED TO PETITION THE COURT FOR A NEW TRIAL JUDGE DUE TO THE FACT THAT TRIAL JUDGE, DOMINICK E. OLIVITO JR. HAD TRIED MR. SCHANDEL ON

A PREVIOUS CRIMINAL CASE, ON JULY 02, 2009 CASE NO. 06CR4902, IN THE COMMON PLEAS COURT OF CARROLL COUNTY. BECAUSE OF A CONFLICT OF INTEREST OF SAID TRIAL JUDGE , DENYING MR. SCHANDEL OF A JUST AND FAIR TRIAL. REFERENCE EXHIBIT C, (MS. NYCOL MAYLE'S WITNESS STATEMENT) [SIC].

MR. SCHANDEL WAS DEPRIVED OF HIS RIGHT TO THE EFFECTIVENESS ASSISTANCE OF TRIAL COUNSEL, (ATTORNEY DAVID SMITH).

THIS EVIDENTARY HEARING (3:9,10,10,11,12,13,14,15,16,17, 18,19,20,21,22,23) IS A CONFLICT OF INTEREST WITH TRIAL JUDGE DOMINICK E. OLIVITO, ALSO HARRASMENT OF WITNESS MR. SCHANDEL. MR. SCHANDEL STATES THAT HE REQUESTED HIS COUNSEL TO PETITION THE COURT FOR A NEW TRIAL BASED ON THIS CONFLICTOF INTEREST. AND WAS DECLINED BY COUNSEL. (ATTORNEY DAVID SMITH) [SIC].

{¶12} Again, we are somewhat hampered in our ability to discern Appellant's claims. Although Appellant attempts to raise three separate errors, each appears to be based in a claim of ineffective assistance of counsel. In two of his assignments of error, he appears to assert that he received ineffective assistance of counsel when his attorney failed to request a new trial court judge because the judge assigned to

his case had previously convicted him of a criminal offense. In his remaining assignment, he asserts ineffective assistance, in general.

**{¶13}** In order to prevail on an ineffective assistance of counsel claim, Appellant must first show that counsel's performance was deficient. *State v. Ludt,* 7th Dist. No. 09 MA 107, 2009-Ohio-2214, ¶3, citing *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Once this hurdle is met, Appellant must also show resulting prejudice. *Id.* Deficient performance occurs when counsel's performance falls below an objective standard of reasonable representation. *Id.* In other words, there is "a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different." *Ludt* at ¶3, citing *Strickland* at 687-688, 694, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674.

**{¶14}** As there is no law in Ohio that says a judge cannot hear multiple, unrelated cases involving the same defendant, Appellant's counsel was not ineffective for failing to request a new judge. The record also demonstrates that counsel reasonably and diligently examined and cross-examined both witnesses in this case and attempted to show that Appellant came into contact with Appellee only to see his children. Thus, this record reflects that counsel's performance did not fall below an objective standard of reasonable representation. As such, Appellant's third, fourth and fifth assignments of error are without merit and are overruled.

<u>Sixth Assignment of Error</u>

TRIAL JUDGE SAID, HE WAS NOT GOING TO HEAR A DOMESTIC

RELATIONS OF THIS DOMESTIC VIOLENCE CASE. (8:11,12). IT IS

THE LAW TO HEAR ANY AND ALL ISSUES OF THE MATTER INVOLVED IN THIS HEARING. TRIAL COURT JUDGE HAD ALSO RIDICULED MR. SCHANDEL'S RELATIONSHIP TO PETITIONER DIANE M. LYONS BECAUSE, THEY WE NOT MARRIED WHEN THE HAD CHILDREN. REFERING TO THIS ISSUE AS MR. SCHANDEL'S PROBLEM. (8:13,14) [SIC].

{¶15} In this assignment of error Appellant contends that the trial court erred in stating that it would not hear and determine matters more appropriate for a domestic relations case.

{¶16} Again, this matter was one involving a civil protection order. At trial, Appellant attempted to raise as an issue the custody of his two children. The trial court indicated that the proper setting to determine custody in this matter was in juvenile court. Appellant continued to press the issue and the trial court stated: "Well, I'm not going to hear a domestic relations case in a domestic violence case." (Hearing Tr., p. 8.) When Appellant persisted, the trial court judge clarified its comments by stating: "There's another court -- listen to me. There's another court for that problem." (Hearing Tr., p. 8.)

{¶17} Later during the proceedings, Appellant again raised the issue of custody. The trial court reiterated:

You're going to have to resolve those issues related [to] parental rights, visitation et cetera, through the juvenile court. Whatever order I do issue, will give that court the latitude and discretion to do so. And these

orders -- are orders if I put them on, will in no way limit that court from doing the right thing with regards to the best interests of those children.

(Hearing Tr., p. 105.)

**{¶18}** On appeal, Appellant has misinterpreted the trial court's words. The record clearly shows that the trial court was attempting to explain to Appellant that the issue of custody was not properly before the court. Further, the court was attempting to explain that Appellant's concerns about custody needed to be addressed by the juvenile court. Accordingly, Appellant's sixth assignment of error is without merit and is overruled.

Seventh Assignment of Error

MR. SCHANDEL'S TESTIMONY OF THIS HEARING ANSWERS TO THE QUESTIONS ASKED TO HIM BY COURT OFFICIALS WAS CUT OFF AND ENTERED INTO TRANSCRIPT AS ( - - - -). NOT BEING ENTERED CORRECTLY INTO SAID TRANSCRIPT OF THIS HEARING. (8: 11,12).

**{¶19}** When transcripts contain inaudible portions or omissions, an appellant must either attempt to correct the record pursuant to App.R. 9(E) or demonstrate that prejudice has resulted from the incomplete nature of the transcripts. *State v. DePew*, 38 Ohio St.3d 275, 278-279, 528 N.E.2d 542 (1988). Either way, the burden fell on the appellant.

**{¶20}** Appellant complains that the transcript contains inaudible statements. As such, he argues that his statements were not correctly transcribed. Appellant has

failed to attempt to correct the record as required by App.R. 9(E).  Further, he has not argued nor demonstrated resulting prejudice.  Thus, Appellant's seventh assignment of error is without merit and is overruled.

<u>Eighth and Ninth Assignment of Error</u>

TRANSCRIPT OF THIS HEARING REFLECTS INAPPROPRIATE COMMENTS SAID OF TRIAL JUDGE STATES HIS OPINION BEFORE HEARING ANY AND ALL TESTIMONY AND FACTS OF EVIDENCE OF ALLEDGED ACTS OF DOMESTIC VIOLENCE COMMITED BY MR. SCHANDEL.(35: 1,2,3,4,5,6,7,8,9,10,11,12,13).

TRANSCRIPT OF HEARING REFLECTS TRIAL JUDGE TO STOPS THE HEARING PROCEEDINGS TO NOTE, "BUZZARDS ARE BACK" AND TRIAL JUDGE GOES ON ABOUT THE BUZZARDS OUTSIDE THE WINDOW, AND SUGGESTED THAT THIS PEERS OF THE COURT TO LOOK OUTSIDE THE WINDOW. (39:1,2,3,4,5,6,7,8,9,10,11,12,13,14,15,16,17,18,19,20,21,22,23) [SIC].

**{¶21}** Appellant raises two arguments regarding comments made by the trial court during the hearing.  First, he claims that the trial court erred in entering into the following colloquy with Appellee regarding the incident involving Appellant's ex-brother-in-law:

THE COURT:  And that was extremely horrible for you; is that correct?

[APPELLEE]:  Yes, sir.

THE COURT:  And you can't forgive him for that, correct?

Is that correct?

[APPELLEE]:  Yes, sir.

THE COURT:  And you dislike [Appellant] for that a lot, right?

[APPELLEE]:  Yes, sir.

THE COURT:  And he doesn't seem to get it, does he?

[APPELLEE]:  Right.

THE COURT:  And you blame him for that incident; is that correct?

[APPELLEE]:  Yes, sir.

THE COURT:  Did you want his help so that this Bobby guy wouldn't do that to you?

[APPELLEE]:  Yes, sir.

THE COURT:  And he wouldn't do anything about it?

[APPELLEE]:  No, sir.

THE COURT:  You know that constitutes a degree of mental cruelty and violence, physical and mental that's unexplainable.  That's like rape.  So that, in my opinion, seals the deal on violence and fear and

what he's capable of, if that's true. And the other side will have a chance to rebut it.

She's made a prima facie case of what she's fearful of.

(Hearing Tr., pp. 34-36.)

**{¶22}** A trial court's interrogation and comments are reviewed for abuse of discretion. *Lorenc v. Sciborowski,* 8th Dist. No. 66945, 1995 WL 116850, *6 (May 16, 1995), citing *State v. Davis*, 79 Ohio App.3d 450, 454, 607 N.E.2d 543 (4th Dist.1992). "A judge abuses his discretion when he plays the part of an advocate, but the rule is not so restrictive that [a] judge is not permitted to participate in a search for the truth." *Klasa v. Rogers,* 8th Dist. No. 83374, 2004-Ohio-4490, ¶34, citing *State v. Kight*, 4th Dist. No. 682, 1992 WL 226352 (Sept. 9, 1992).

**{¶23}** We have previously held that the trial court is permitted to ask a witness questions, including leading questions, if it advances the interests of justice. *Raybourne v. McKarns,* 7th Dist. No. 08 CA 856, 2009-Ohio-2654, ¶48. In a bench trial, the trial court is "accorded greater flexibility in questioning witnesses * * * [because] when there is no jury, there is no one to be prejudicially influenced by the judge's demeanor." *State v. Grad,* 9th Dist. No. 10CA0003-M, 2012-Ohio-1385, ¶44. Further, even if the trial court appears irritated with a party during the questioning, the questioning remains proper unless the judge is combative or acts in a biased manner. *Rayboune* at ¶48.

**{¶24}** The line of questioning is not combative, here. Further, the trial court's comments do not indicate bias. The trial court did state that Appellant's alleged

behavior appeared to be cruel and unexplainable, which is troubling. However, this was said in the context that if true, the alleged near-rape incident would likely be enough for Appellee to meet her prima facie burden of demonstrating fear of Appellant's behavior. The trial court also acknowledged that it had not yet heard Appellant's version of the story or his rebuttal. Thus, the trial court acknowledged that the accusation was an unproven allegation at that point.

{¶25} In comparison, the Eleventh District found an abuse of discretion when a defendant inquired about the effect his self-representation had on his conviction and the trial court responded: "[y]ou were going to be convicted no matter what * * *." (Emphasis deleted.) *State v. Bayer,* 102 Ohio App.3d 172, 182, 656 N.E.2d 1314 (11th Dist.1995). While this clearly does not present the same situation as found in the case at bar, it does illustrate the high level of impropriety and prejudice needed to find an abuse of discretion. As the trial court's dialogue here clearly demonstrated that the judge understood that he had only heard one side of the story and acknowledged that Appellee's story may or may not be true, we cannot find that the judge abused his discretion through his line of questioning or his comments.

{¶26} Appellant further argues that the trial court's off-hand remark about buzzards near the courtroom resulted in error. During Appellee's testimony, the judge made the following comment: "Let the record note that the buzzards are back. Look outside the window. They always talk about the buzzards coming back to Hinckley. This is the first day I've seen the buzzards back. I guess, may be, we're going to get Spring." (Hearing Tr., p. 39.)

**{¶27}** There is nothing improper about this statement. Further, this occurred during Appellee's testimony, and it is difficult to see how this comment could have harmed Appellant. Accordingly, Appellant's eighth and ninth assignments of error are without merit and are overruled.

## Conclusion

**{¶28}** Appellant has completely failed to conform to the appellate rules for briefs to this Court. We have undertaken an attempt to interpret his arguments on appeal, however, it is apparent that none of his arguments have merit. Appellant's derogatory statements about his former girlfriend, introduced as evidence against him, were not hearsay. No sexual abuse conviction, though listed on the request for a protective order, was attributed to Appellant. Appellant was provided effective assistance by his counsel. Any lapses in the record could have been corrected by Appellant had he followed the appellate rules, but do not appear to prejudice him in any way. Lastly, no comments made by the trial court rise to the level of error. The judgment of the trial court is affirmed.

Donofrio, P.J., concurs.

DeGenaro, J., concurs.