[Cite as *State v. Penland*, 2018-Ohio-336.]

STATE OF OHIO, COLUMBIANA COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | ) | CASE NO. 16 CO 0027 |
| | ) | |
| PLAINTIFF-APPELLEE | ) | |
| | ) | |
| VS. | ) | OPINION |
| | ) | |
| SUSAN R. PENLAND | ) | |
| | ) | |
| DEFENDANT-APPELLANT | ) | |

CHARACTER OF PROCEEDINGS:     Criminal Appeal from the Court of Common Pleas of Columbiana County, Ohio
Case No. 15 CR 190

JUDGMENT:     Affirmed.

APPEARANCES:

For Plaintiff-Appellee:     Atty. Robert Herron
Columbiana County Prosecutor
Atty. John E. Gamble
Assistant Prosecuting Attorney
105 South Market Street
Lisbon, Ohio 44432

For Defendant-Appellant:     Atty. Colleen Hall-Dailey
323 East Main Street
Alliance, Ohio 44601

JUDGES:

Hon. Cheryl L. Waite
Hon. Gene Donofrio
Hon. Carol Ann Robb

Dated: January 26, 2018

WAITE, J.

**{¶1}** Appellant Susan R. Penland appeals an August 19, 2016 decision of the Columbiana County Common Pleas Court, following bench trial. Appellant argues that her trial counsel was ineffective in presenting her insanity defense. For the reasons that follow, Appellant's arguments are without merit and the judgment of the trial court is affirmed.

Factual and Procedural History

**{¶2}** On May 3, 2015, Appellant walked into a Lisbon Family Dollar store around closing time. At first, Appellant acted as if she was buying a package of Jello, but then pulled a gun, later determined to be a toy, from her waistband. She ordered the employee at the register to call a second employee, who was in the back of the store, up to the register. She ordered the two employees not to look at her face and forced them to lay down on their stomachs. At some point, she directed one of the employees to open the safe and place the money in a Family Dollar bag. She then tied one of the employee's hands together with a shoelace. However, while Appellant was tying the other employee's hands, the first employee managed to break free and began choking Appellant.

**{¶3}** During the struggle, the second employee ran to a nearby store and called the police. Appellant attempted to fake her death during the struggle in an attempt to free herself and later pleaded with the employee to let her go. When police arrived, Appellant had become unconscious and was rushed to the hospital. At the hospital, she claimed to have no memory of the evening's events.

{¶4}   Appellant was indicted on one count of robbery, a felony of the third degree in violation of R.C. 2911.02(A)(3); one count of safecracking, a felony of the fourth degree in violation of R.C. 2911.31(A); and two counts of kidnapping, a felony of the first degree in violation of R.C. 2905.01(A)(2).

{¶5}   The case was tried to the judge.  At trial, defense counsel stipulated to the elements of the charged offenses.  Instead of contesting Appellant's actions, counsel asserted that Appellant was not guilty by reason of insanity.  Counsel introduced a report and testimony from Doctor Thomas Gazney, who opined that Appellant suffered from a mood disorder and dissociative disorder.  Dr. Gazney also believed that Appellant was bipolar, but could not diagnose the disorder with certainty.  Dr. Gazney testified that Appellant's manic episodes caused poor judgment and bizarre behavior, and that people with dissociative disorder exhibit unusual behavior and often have no recollection of such behavior.  The state introduced a report from an expert witness who concluded that Appellant did suffer from a mental illness, but had the ability to appreciate the wrongfulness of her actions.

{¶6}   On June 2, 2016, the trial court convicted Appellant on all charges after finding that her mental illness did not rise to the level of insanity.  On August 19, 2016, Appellant was sentenced to two years of incarceration on the robbery conviction, one year for safecracking, and six years on each kidnapping conviction.  The sentences were ordered to run concurrently for a total of six years of incarceration.  Appellant was credited with 468 days of jail time served.  Appellant's

first notice of appeal in this matter was dismissed as untimely. Appellant later filed a motion for a delayed appeal which was granted.

## ASSIGNMENT OF ERROR NO. 1

APPELLANT WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL AS A RESULT OF HER TRIAL COUNSEL'S TACTICS THROUGHOUT THE ENTIRE CASE, BUT PARTICULARLY WHEN HE STIPULATED THAT HIS CLIENT COMMITTED THE CRIME AND ONLY PRESENTED EVIDENCE OF HIS CLIENT'S MENTAL DISEASE OR DEFECT.

## ASSIGNMENT OF ERROR NO. 2

THE COURT ERRED IN FINDING THAT THE DEFENSE HAD NOT MET IT'S BURDEN OF PROOF OF THE AFFIRMATIVE DEFENSE OF NOT GUILTY BY REASON OF INSANITY DUE TO THE INEFFECTIVE ASSISTANCE OF COUNSEL IN FAILING TO REQUIRE THE STATE TO PRESENT THE TESTIMONY OF THE ALLEGED VICTIMS LIVE AND SUBJECT TO CROSS EXAMINATION.

## ASSIGNMENT OF ERROR NO. 3

DEFENSE COUNSEL WAS INEFFECTIVE WHEN HE ADVISED THE DEFENDANT THAT SHE WAS ELIGIBLE FOR THE 80% RULE, EARLY RELEASE, WHEN IN FACT SHE WAS CONVICTED OF KIDNAPPING AND NEVER ELIGIBLE.

**{¶7}** The test for ineffective assistance of counsel is two-part: whether trial counsel's performance was deficient and, if so, whether such deficiency resulted in prejudice. *State v. White*, 7th Dist. No. 13 JE 33, 2014-Ohio-4153, ¶ 18, citing *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *State v. Williams*, 99 Ohio St.3d 493, 2003-Ohio-4396, 794 N.E.2d 27, ¶ 107.

**{¶8}** To demonstrate deficient performance, an appellant must show that counsel's performance fell below an objective standard of reasonable representation. *State v. Ludt*, 7th Dist. No. 09 MA 107, 2009-Ohio-2214, ¶ 3, citing *Strickland, supra*. There must be "a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different." *Lyons v. Schandel*, 7th Dist. No. 14 CA 898, 2015-Ohio-3960, ¶ 13, citing *Strickland, supra*.

**{¶9}** Appellant first argues that trial counsel's decision to stipulate to the elements of the offense and rely solely on the affirmative defense of insanity constituted deficient performance. Appellant urges that once the decision to proceed to trial is made, counsel is required to force the state to meet its burden of proof as to each charged offense.

**{¶10}** In response, the state argues that Appellant never denied she committed the crimes. Instead, she claimed from the outset that she did not remember the incident. The state urges that the police arrived at the scene and found Appellant lying on the floor unconscious. Additionally, the physical evidence at the scene tended to corroborate the witnesses' statements. Based on this record, the state contends that an insanity defense was the only defense available to

Appellant. Even so, the state points out that Appellant has not argued or shown that, but for counsel's decision, the result at trial would have been different.

{¶11} Trial counsel's decision "regarding which defense to pursue at trial is a matter of trial strategy 'within the exclusive province of defense counsel to make after consultation with his client.' " *State v. Brown*, 7th Dist. No. 03 MA 231, 2005-Ohio-4502, ¶ 13, citing *State v. Murphy*, 91 Ohio St.3d 516, 524, 747 N.E.2d 765 (2001). A reviewing court can only find counsel's performance regarding matters of trial strategy deficient if counsel's strategy was so "outside the realm of legitimate trial strategy so as 'to make ordinary counsel scoff.' " *Brown* at ¶ 13, citing *State v. Woullard*, 158 Ohio App.3d 31, 2004-Ohio-3395, 813 N.E.2d 964, ¶ 39 (2d Dist.); *State v. Yarber*, 102 Ohio App.3d 185, 188, 656 N.E.2d 1322 (12th Dist.1995).

{¶12} The record supports the state's contention that Appellant did not have any option other than an insanity defense. The evidence supporting the elements of the charged offenses was overwhelming. Appellant was found at the scene of the crime lying unconscious after an obvious struggle. The police located the plastic gun used to facilitate the robbery, the shoelaces used to tie the victims' hands, and the gloves worn by Appellant. According to the victims, Appellant put gloves on during the robbery apparently to avoid leaving fingerprints on the safe. Also found at the scene was the hooded sweatshirt and hat that were used by Appellant in an attempt to conceal her identity.

{¶13} Importantly, Appellant never asserted her innocence to investigators. Instead, she claimed that she had no recollection of the incident. Appellant has a

documented history of mental illness. Her history, combined with her statement to police that she had no recollection of the incident, supports counsel's strategy to raise an insanity defense instead of attempting to contest the charges. As the evidence against Appellant was overwhelming and she has a documented history of mental illness, it cannot be said that counsel's defense was outside the realm of legitimate trial strategy.

{¶14} Appellant next argues that counsel's failure to force the state to prove its case beyond a reasonable doubt and failure to force the victims to testify demonstrates that counsel's performance was deficient. Again, the evidence against Appellant was significant. Both victims told investigators that Appellant entered the store wearing a hooded sweatshirt, a hat, and gloves. At some point, she pulled a gun out of her waistband and ordered them to open the safe. Appellant tied one victim's hands together with a shoelace. One victim escaped her restraints and began choking Appellant from behind while the other victim escaped and summoned help. When the police arrived, they found Appellant unconscious, lying on the ground. There is no other logical explanation for Appellant's presence at the scene, the open safe, the gun, and the shoelaces. As Appellant claims to have no recollection of the evening's events, she could not have aided in providing some other, innocent, explanation.

{¶15} As to the victims, it is unlikely that their testimony would have helped Appellant. The victims provided detailed statements supporting the state's theory that Appellant had the ability to appreciate the wrongfulness of her actions. The

victims' statements demonstrated that Appellant had prepared for the robbery by possessing what appeared to be a gun, shoelaces to bind the victims' hands, gloves to avoid leaving fingerprints, a hoodie to cover parts of her face, and by arriving at the store just prior to closing. There is nothing to suggest that Appellant did not know what she was doing.

**{¶16}** While Appellant argues that it is possible that one of the victims may have provided testimony to assist in her defense, this is pure speculation. It is just as likely that the victims' testimony would have damaged Appellant's defense. Additionally, Appellant stated at sentencing that "[t]he victims could testify that it rained inside that store that night, and I couldn't and wouldn't be able to refute that." (8/19/16 Sentencing Hrg., p. 20.) As Appellant had no memory of the incident, it is questionable how effective cross-examination of the victims would have been.

**{¶17}** Appellant also claims that counsel was ineffective for erroneously informing her that she was eligible for early release. However, this claim is wholly unsupported. There is nothing in this record to suggest that anyone, including trial counsel, informed Appellant that she was eligible for early release.

**{¶18}** Tellingly, Appellant acknowledges that she has not argued or demonstrated that, but for trial counsel's deficient performance, the result of her trial would have been different. Appellant argues that she is unable to meet this burden, because she cannot predict what witnesses would have said at trial regarding her behavior. The *Strickland* standard requires that an appellant meet both prongs of the test. As Appellant is unable to do so, she cannot satisfy the *Strickland* requirements.

**{¶19}** Accordingly, Appellant's first, second, and third assignments of error are without merit and are overruled.

Conclusion

**{¶20}** Appellant argues that her trial counsel was ineffective in limiting her defense to only an argument involving her lack of sanity. She urges that counsel was required to attack the state's case in its entirety and force the state to prove all of the elements of the crimes with which she was charged. The record is devoid of any evidence that trial counsel was ineffective. Further, Appellant has not argued or demonstrated that, but for the alleged deficient performance, the result would have been different. Accordingly, Appellant's arguments are without merit and the judgment of the trial court is affirmed.

Donofrio, J., concurs.

Robb, P.J., concurs.